Hon. Richard A. Jones

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

BENJAMIN DOEHR, ZACH SOLIZ, MITCHEL FEUER, KEVIN HOWARD, ANDRE HOWARD, MICHAEL CORDERO, ED MCDONALD, THEODORE HARKNESS, TIM KELLY, MAOR KRAMER, and CASEY GOODMAN, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

LUCKY STRIKE ENTERTAINMENT CORPORATION (f/k/a BOWLERO CORP.); AMF BOWLING CENTERS, INC.; and LUCKY STRIKE ENTERTAINMENT LLC,

Defendants.

Case No. 2:26-CV-01535-RAJ

**PLAINTIFF BOWLERS' MOTION FOR RECONSIDERATION OF SUA SPONTE VACATUR OF INITIAL CASE DEADLINES AND FOR ORDER SETTING NEW DEADLINES**

**NOTING DATE: JULY 15, 2026**

Pursuant to Local Rule 7(h), Plaintiff Bowlers respectfully request reconsideration of the Court's July 2, 2026 sua sponte Order vacating the initial case deadlines previously set by the Court in its June 12, 2026 Order, ECF No. 16. Plaintiffs submit that the mere filing of a motion to dismiss the Complaint and a motion to transfer by Defendants Lucky Strike Entertainment Corporation and its subsidiary AMF Bowling Centers, Inc. (together "Bowlero") does not provide the required "good cause" for the vacatur of these deadlines and the attendant delay.

MOT. FOR RECONSIDERATION
OF SUA SPONTE VACATUR OF
INITIAL CASE DEADLINES
(Case No. 2:26-cv-01535) – 1

Simonsen Sussman LLP
1120 Pacific Avenue, Suite 100
Tacoma, Washington 98402
(917) 747-5196

Plaintiffs respectfully request the Court order new deadlines for the parties to hold their Rule 26(f) conference, exchange Initial Disclosures, and file a Joint Status Report and Discovery Plan.

To be clear, with this Motion, Plaintiffs do not seek an affirmative holding that good cause for a vacatur of the initial case deadlines or a stay of discovery is lacking. Rather, Plaintiffs modestly submit that no demonstration of such good cause has been made, and if Bowlero wishes to be excused from participation in the otherwise mandatory discovery process under the Federal Rules of Civil Procedure, Bowlero must file a motion and show good cause. *See Puget Soundkeeper All. v. United Rentals N. Am., Inc.*, 2025 U.S. Dist. LEXIS 132418, at *2 (W.D. Wash. July 11, 2025) (Jones, J.) ("A motion to dismiss, on its own, is not grounds for staying discovery.").

## I.      Background

On May 6, 2026, Plaintiffs filed this antitrust class action on behalf of themselves and similarly situated bowlers. ECF No. 1 (Compl.). The Complaint's 333 paragraphs allege in detail how Bowlero's serial acquisition scheme violates federal and state antitrust and unfair competition laws. The Complaint alleges that Bowlero's acquisitions concentrated the relevant markets for the operation of bowling centers to such an extent that, in nearly all the relevant geographic regions, Bowlero's acquisitions are *presumptively* unlawful under Section 7 of the Clayton Act pursuant to binding Supreme Court precedent. Bowlero used its dominance not only to charge supracompetitive prices to bowlers but also—and more urgently concerning—to drastically reduce output, including by shuttering bowling centers it acquired in cities across the country. Compl. ¶¶ 113, 117, 118, 176. Indeed, since the commencement of this lawsuit, Bowlero has shuttered two *additional* bowling centers. Plaintiffs seek for discovery to proceed without delay and in parallel with Bowlero's motions so that Plaintiffs may have their opportunity to prove their case and obtain effective injunctive relief—namely, the divesture of functioning bowling centers to independent competitors—before Bowlero turns any more of them into empty retail space.

On June 12, 2026, this Court ordered that the parties conduct a Rule 26(f) conference by

Mot. For Reconsideration
of Sua Sponte Vacatur of
Initial Case Deadlines
(Case No. 2:26-cv-01535) – 2

Simonsen Sussman LLP
1120 Pacific Avenue, Suite 100
Tacoma, Washington 98402
(917) 747-5196

July 6, 2026, exchange Initial Disclosures by July 13, 2026, and file a combined Joint Status Report and Discovery Plan by July 20, 2026. ECF No. 16. Counsel for Plaintiffs and Bowlero agreed to hold a Rule 26(f) conference scheduled for July 6, 2026. Declaration of Nico Gurian ("Gurian Decl.") ¶ 6.

On July 1, 2026, Bowlero filed a motion to transfer and a motion to dismiss. ECF Nos. 30 (Mot. to Transfer), 33 (Mot. to Dismiss). The next morning, the Court, sua sponte, vacated the initial case deadlines based on the filing of the motions. Based on the Court's vacatur of those deadlines, Bowlero has refused to participate in a Rule 26(f) conference and engage in discovery. Gurian Decl. ¶¶ 7-8.

**II.    Reconsideration of the Court's Vacatur of the Initial Case Deadlines Is Warranted**

"Under Local Rule 7(h), motions for reconsideration are disfavored" and "'[r]econsideration is appropriate' if the district court 'committed clear error or the initial decision was manifestly unjust.'" *Arnold v. Marriott Int'l*, 2025 U.S. Dist. LEXIS 132424, at *5-6 (W.D. Wash. July 11, 2025) (Jones, J.) (quoting *Sch. Dist. No. 1J, Mutlnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). Plaintiffs respectfully submit that the Court erred in vacating the initial case deadlines based solely on Bowlero's filing of a motion to dismiss and motion to transfer, which on its own does not support a finding of "good cause for delay." Fed. R. Civ. P. 16(b)(2). Moreover, the Court's sua sponte vacatur of the deadlines is manifestly unjust as it has effectively deprived Plaintiffs of their automatic right to discovery under the Federal Rules absent good cause. *See* Fed. R. Civ. P. 26(f)(1) ("the parties must confer as soon as practicable"); Fed. R. Civ. P. 26(d)(1) (permitting either party to "seek discovery from any source" once "the parties have conferred as required by Rule 26(f)").

The Federal Rules of Civil Procedure "do not provide an automatic stay of discovery if a motion to dismiss is filed" because "such motions are often unsuccessful and a stay could cause unnecessary and significant delays at the outset of the litigation." *Neal v. City of Bainbridge Island*, 2021 U.S. Dist. LEXIS 98629, at *1 (W.D. Wash. May 25, 2021); *see also, e.g.*, *Old Republic Title, Ltd. v. Kelley*, 2010 U.S. Dist. LEXIS 109574, at *10 (W.D. Wash. Oct. 13,

MOT. FOR RECONSIDERATION
OF SUA SPONTE VACATUR OF
INITIAL CASE DEADLINES
(Case No. 2:26-cv-01535) – 3

Simonsen Sussman LLP
1120 Pacific Avenue, Suite 100
Tacoma, Washington 98402
(917) 747-5196

2010) ("Had the Federal Rules contemplated that a motion to dismiss . . . would stay discovery, the Rules would contain a provision to that effect.") (citation omitted).

As this Court has recently explained, a court may, "[u]pon a showing of good cause . . . 'relieve a party from the burdens of discovery while a dispositive motion is pending, *but this is the exception and not the rule*.'" *Smith v. Coupang. Inc.*, 2025 U.S. Dist. LEXIS 234982, at *5 (W.D. Wash. Dec. 2, 2025) (Jones, J.) (citation omitted and emphasis added). "A party seeking to stay discovery bears a heavy burden to make a strong showing of why discovery should be denied," and "[n]either the mere existence of a potentially dispositive motion, nor mere inconvenience and expense suffice to establish good cause for a stay." *Id.* (citation omitted). In deciding a motion to stay discovery, courts "consider 'whether the motion involves pure questions of law that are dispositive—such as subject matter jurisdiction or immunity—rather than fact-intensive inquiries that might be resolved by further discovery,'" *id.* (citation omitted), "whether the complaint appears to be frivolous," and "whether the pending motion could dispose of the entire case." *Clark v. Whitepages*, *Inc.*, 816 F. Supp. 3d 1249, 1254 (W.D. Wash. 2026). Courts in this District also weigh "the possible damage which may result from the granting of a stay" with the "hardship or inequity which a party may suffer in being required to go forward." *Id.* (citations omitted).

Here, Bowlero made no showing of good cause. Simply filing a motion to dismiss and a motion to transfer does not demonstrate good cause or satisfy Bowlero's "heavy burden" to stay discovery. And even a passing review of Bowlero's motion to dismiss reveals that Bowlero seeks to dispute the facts—not "conclusory allegations," but facts—alleged in the Complaint that must be accepted as true at the motion to dismiss stage.

Indeed, Bowlero goes so far as to ask this Court to take judicial notice of (highly misleading) alleged *driving times* between bowling centers in a futile attempt to question the precise contours of Plaintiffs' alleged relevant geographic markets—"metes and bounds" which Plaintiffs are not required, at any stage of the case, to establish. *See* Mot. to Dismiss at 27; ECF No. 35 (Request for Jud. Notice) at 2-4; *United States v. Pabst Brewing Co.*, 384 U.S. 546, 549

Mot. For Reconsideration
of Sua Sponte Vacatur of
Initial Case Deadlines
(Case No. 2:26-cv-01535) – 4

Simonsen Sussman LLP
1120 Pacific Avenue, Suite 100
Tacoma, Washington 98402
(917) 747-5196

(1966) (plaintiff not required to define geographic market by "metes and bounds"); *United States v. Conn. Nat'l Bank*, 418 U.S. 656, 669 (1974) (same); *see also United States v. Julius*, 14 F.4th 752, 756 (7th Cir. 2021) (travel-time estimate on Google Maps not subject to judicial notice); *Cobb Theatres III, LLC v. AMC Ent. Holdings, Inc.*, 101 F. Supp. 3d 1319, 1329-1330 (N.D. Ga. 2015) (same).

As another example, Bowlero improperly seeks to recast Plaintiffs' allegations of low product quality at Bowlero centers—for example, loud and distracting music, dim lights that interfere with the ability to bowl, the elevation of gambling—as "enhancements" and "procompetitive . . . . product improvements," Mot. to Dismiss at 31, while entirely ignoring the many other such allegations. *See, e.g.*, Compl. ¶ 227 (ignored allegation of sticky or dirty lanes resulting from Bowlero's failure to properly condition and maintain lanes); ¶ 230 (ignored allegation that customers wait longer for oft-broken equipment to be fixed). Bowlero even claims that the product market—comprised of operators of bowling centers that sell bowling and related products and services—which has been recognized for decades by the U.S. Supreme Court, is improperly defined and somehow both too narrow and too broad. *See* Mot. to Dismiss at 17-23; *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 480 (1977) (recognizing relevant market comprised of "operator[s] of bowling centers"). Because Bowlero's motion rests heavily on "fact-intensive inquiries," it has an uphill battle to show good cause to stay discovery, and certainly the mere filing of that motion should not automatically do so. *Coupang, Inc.*, 2025 U.S. Dist. LEXIS 234982, at *5; *see HUB Int'l Nw., LLC v. Larson*, 2023 U.S. Dist. LEXIS 43849, at *8-9 (W.D. Wash. Mar. 15, 2023) (denying motion for stay where motion to dismiss "focuse[d] on whether sufficient facts were adequately alleged in the complaint to constitute plausible claims for relief").

Moreover, a number of Bowlero's arguments, if successful, would not dispose of the entire case. *See, e.g.*, Mot. to Dismiss at 35 (arguing the state-law claims rise or fall with the federal-law claims, when in fact, for example, "a business practice may be 'unfair,' and therefore illegal under the [California] U[nfair] C[ompetition] L[aw], 'even if not specifically proscribed

MOT. FOR RECONSIDERATION
OF SUA SPONTE VACATUR OF
INITIAL CASE DEADLINES
(Case No. 2:26-cv-01535) – 5

Simonsen Sussman LLP
1120 Pacific Avenue, Suite 100
Tacoma, Washington 98402
(917) 747-5196

by some other law.'" *Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946, 1000 (9th Cir. 2023) (quoting *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999)).

Plaintiffs would be prejudiced by a multi-month delay in the commencement of discovery. Such a delay could translate into several additional bowling center closures that could otherwise be avoided if Plaintiffs prevail and obtain injunctive relief restoring competition to the relevant markets, including by placing the unlawfully acquired assets in the hands of an independent operator. Indeed, it seems that every month Bowlero announces yet another closure[1]—a pure and massive reduction in output that is much harder to resurrect as a competitive constraint on Bowlero (i.e., a divested center operated by an independent competitor) once the doors are closed, the equipment is removed, and the customers move on. *See, e.g.*, *In re Nexstar-Tegna Merger Litig.*, 2026 U.S. Dist. LEXIS 85526, at *79 (E.D. Cal. Apr. 17, 2026) ("[T]he Court agrees with Plaintiffs that Defendants' integration efforts [shutting down and consolidating news rooms] are exactly those that would make it more difficult to divest TEGNA stations, as they will eliminate competition and result in newsroom layoffs and shutdowns."); *Tasty Baking Co. v. Ralston Purina, Inc.*, 653 F. Supp. 1250, 1277 (E.D. Pa. 1987) ("Any diminution in [the unlawfully acquired competitor's] post-divestiture competitive power clearly will harm consumers irreparably. . . . A contrary conclusion would leave defendants free to swallow up a competitor, to digest it in part, and, upon a court order, to regurgitate insubstantial remains. No such result is acceptable.").

Plaintiffs intend to serve targeted and limited initial discovery. Indeed, across multiple meet and confers, Plaintiffs have sought to engage with Bowlero on a way to craft early discovery such that it is reasonable and proportionate. *See* Gurian Decl. ¶¶ 3, 8.

---

[1] *See, e.g.*, Breanna Reinhart, *Community reacts to sudden bowling alley closure in Menasha*, Yahoo! News (June 1, 2026, 17:43 ET), https://www.yahoo.com/news/us/articles/community-reacts-sudden-bowling-alley-214351634.html; Matt Stefanski, *Lucky Strike bowling alley closes near Wrigley Field*, NBC Chicago (May 31, 2026, 16:13 ET), https://www.nbcchicago.com/news/local/lucky-strike-bowling-alley-permanently-closes-in-wrigleyville/3942525/.

MOT. FOR RECONSIDERATION
OF SUA SPONTE VACATUR OF
INITIAL CASE DEADLINES
(Case No. 2:26-cv-01535) – 6

Simonsen Sussman LLP
1120 Pacific Avenue, Suite 100
Tacoma, Washington 98402
(917) 747-5196

Finally, and to be clear, Bowlero's motion to transfer likewise does not support a stay. As courts regularly recognize, "the outcome of a Section 1404(a) motion does not impact the ultimate need to conduct discovery." *Kor Media Group, LLC v. Green*¸ 294 F.R.D. 579, 582 (D. Nev. 2013); *see, e.g.*, *Fantastic Graphics, Inc. v. Hutchinson*, 2010 U.S. Dist. LEXIS 10609, at *9 (E.D.N.Y. Feb. 8, 2010) (denying motion to stay discovery because "[t]his is a fact-intensive action and, regardless of the venue issue, undoubtedly will go forward").

**III.    Conclusion**

Plaintiffs respectfully request the Court reconsider its sua sponte vacatur of Rule 26 deadlines and set new deadlines so that discovery can proceed in the interests of justice.

Dated July 15, 2026

Respectfully Submitted,

By: /s/ Catherine S. Simonsen
Catherine S. Simonsen (WSBA No. 45552)
**SIMONSEN SUSSMAN LLP**
418 Bamboo Lane, Suite C-18
Los Angeles, CA 90012
Tel: (917) 747-5196
Fax: (646) 357-8447
Email: catherine@simonsensussman.com

Nico Gurian*
**SIMONSEN SUSSMAN LLP**
307 West 38th Street, 16th Floor
New York, NY 10018
Tel: (646) 693-3929
Fax: (646) 357-8447
Email: nico.gurian@simonsensussman.com

John P. Fiske*
Lindsay Stevens*
**BARON & BUDD, P.C.**
11440 West Bernardo Court, Suite 265
San Diego, CA 92127
Tel: (858) 251-7424
Fax: (214) 523-6600
Email: jfiske@baronbudd.com
Email: lstevens@baronbudd.com

MOT. FOR RECONSIDERATION
OF SUA SPONTE VACATUR OF
INITIAL CASE DEADLINES
(Case No. 2:26-cv-01535) – 7

Simonsen Sussman LLP
1120 Pacific Avenue, Suite 100
Tacoma, Washington 98402
(917) 747-5196

*Attorneys for Plaintiffs and Proposed Classes*
*\* Admitted Pro Hac Vice*

*I certify that this Motion contains 2,068 words, in compliance with the word limit in LCR 7(e)(1).*
Catherine S. Simonsen (WSBA No. 45552)

MOT. FOR RECONSIDERATION
OF SUA SPONTE VACATUR OF
INITIAL CASE DEADLINES
(Case No. 2:26-cv-01535) – 8

Simonsen Sussman LLP
1120 Pacific Avenue, Suite 100
Tacoma, Washington 98402
(917) 747-5196