Hon. Richard A. Jones

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

BENJAMIN DOEHR, ZACH SOLIZ, MITCHEL FEUER, KEVIN HOWARD, ANDRE HOWARD, MICHAEL CORDERO, ED MCDONALD, THEODORE HARKNESS, TIM KELLY, MAOR KRAMER, and CASEY GOODMAN, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

LUCKY STRIKE ENTERTAINMENT CORPORATION (f/k/a BOWLERO CORP.); AMF BOWLING CENTERS, INC.; and LUCKY STRIKE ENTERTAINMENT LLC,

Defendants.

Case No. 2:26-CV-01535-RAJ

**PLAINTIFFS' OPPOSITION TO DEFENDANTS LUCKY STRIKE ENTERTAINMENT CORPORATION (F/K/A BOWLERO CORP.) AND AMF BOWLING CENTERS, INC.'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

ORAL ARGUMENT REQUESTED

PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER
(Case No. 2:26-cv-01535-RAJ)

**Simonsen Sussman LLP**
1120 Pacific Avenue, Suite 100, Tacoma, Washington 98402
Tel: (917) 747-5196   Fax: (913) 262-0058

Plaintiff Bowlers respectfully oppose the motion to transfer filed by Defendants Lucky Strike Entertainment Corporation (f/k/a Bowlero Corp.) and AMF Bowling Centers, Inc. (together "Bowlero"). This opposition is supported by the Declarations of Catherine S. Simonsen ("Simonsen Decl."), Plaintiff Benjamin Doehr ("Doehr Decl."), Plaintiff Michael Cordero ("Cordero Decl."), Plaintiff Casey Goodman ("Goodman Decl."), Plaintiff Ed McDonald ("McDonald Decl."), and Plaintiff Zach Soliz ("Soliz Decl."), the points and authorities discussed herein, and any argument entertained by the Court.

## I.    INTRODUCTION

Bowlero seeks to transfer this action to the Southern District of New York ("S.D.N.Y.") because it would be more convenient for Bowlero. Rather than carry its burden to show that S.D.N.Y. is more convenient for the parties and witnesses and in the interests of justice as required by Section 1404(a), Bowlero's motion ignores relevant facts and factors that weigh against transfer.

First, contrary to Bowlero's narrative, this action has substantial connections to the Western District of Washington ("W.D. Wash."). Named Plaintiff Benjamin Doehr resides in Seattle and has bowled at a Bowlero-owned bowling center located in this District. Other putative members of the Seattle-Tacoma-Bellevue, WA MSA class have also bowled at centers in this forum, conduct that gives rise to the claims in this case. In addition, since the filing of the Complaint, two additional Plaintiffs who reside in Seattle have retained Plaintiffs' counsel and will seek leave to be added to the case. Simonsen Decl. ¶ 2. For Defendants, Bowlero owns and operates bowling centers within this District and has chosen to conduct business here. Additionally, Bowlero's acquisition of a bowling center in this District was presumptively illegal under federal antitrust law. ECF No. 1 ("Compl.") ¶ 170. While Bowlero's high-level executives may be located in Florida, Virginia, and New York, their physical location does not reduce the contacts that Bowlero has with Washington.

Second, Bowlero overstates the degree to which the Court may rely on the fact that this is a putative class action with geographic markets located throughout the country in deciding a

PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER       1       **Simonsen Sussman LLP**
(Case No. 2:26-cv-01535-RAJ)                                1120 Pacific Avenue, Suite 100, Tacoma, Washington 98402
                                                           Tel: (917) 747-5196   Fax: (913) 262-0058

motion to transfer. While it is true that there are 23 relevant geographic markets at issue, this Court has recognized that class action defendants should not be allowed to transfer a case to their preferred forum simply because there is relevant conduct outside plaintiffs' chosen forum—a forum with significant contacts related to the relevant conduct at issue. *See Lacy v. Comcast Cable Commc'ns., LLC*, No. 3:19-cv-05007-RBL, 2020 U.S. Dist. LEXIS 53520, at *6-7 (W.D. Wash. Mar. 26, 2020). The effect of this approach would be to force class action plaintiffs to litigate only where defendants deem convenient. *Id.*

Third, Bowlero impermissibly seeks to shift the convenience of party witnesses from Plaintiffs to Bowlero, and, as to non-party witnesses, places outsized reliance on the location of "an office" in New York City of an unnamed former executive of Bowlero whose residence and place of work Bowlero conspicuously fails to identify. But "[t]o sufficiently demonstrate inconvenience to witnesses, the moving party must name the witnesses, state their location, and explain their testimony and its relevance." *Kokol v. Hubbell Power Sys.*, No. C24-0822-TSZ, 2025 U.S. Dist. LEXIS 7267, at *11 (W.D. Wash. Jan. 14, 2025). Bowlero does not even attempt to meet this standard in its motion.

Because the relevant factors considered in deciding to transfer a case under Section 1404(a) either weigh against transfer or do not weigh in favor of transfer, this case should remain in this District.

## II.    LEGAL STANDARD

Section 1404(a) "permits a court to transfer an action to 'any other district or division where it might have been brought' for 'the convenience of parties and witnesses, in the interest of justice.'" *Lacy*, 2020 U.S. Dist. LEXIS 53520, at *5 (quoting 28 U.S.C. § 1404(a)). While Bowlero recites some of the *Jones* factors courts weigh in making an individualized, case-by-case determination of convenience and fairness, it fails to address others that weigh against transfer. ECF No. 30 ("Mot.") at 5. The *Jones* factors include (1) the location where the relevant agreements were negotiated and executed or alleged events in the lawsuit took place, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective

parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (affirming denial of motion to transfer); *Hagens Berman Sobol Shapiro LLP v. Rubinstein*, No. C09-0894-RSM, 2009 U.S. Dist. LEXIS 104619, at *11 (W.D. Wash. Oct. 22, 2009) (denying motion to transfer).

Additional factors from the *forum non conveniens* analysis may also be relevant: (9) the relative congestion of the two courts, and (10) the public interest in local adjudication of local controversies. *Blackman v. Park W. Galleries, Inc.*, No. C08-1310RSL, 2009 U.S. Dist. LEXIS 41082, at *6 (W.D. Wash. Apr. 29, 2009) (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)).

As the party seeking transfer, Bowlero bears the burden of persuading the Court that the transferee forum is more convenient for the parties and witnesses and in the interest of justice. *Lacy*, 2020 U.S. Dist. LEXIS 53520, at *6. In short, if New York City is no more convenient, Bowlero's motion must be denied.

## III.    RESPONSE TO BOWLERO'S BACKGROUND

In this section, Plaintiffs respond to Bowlero's "Background" section with additional facts Bowlero ignored or mischaracterized. *See* Mot. at 2-4.

***The parties.*** Bowlero attempts to downplay the significant ties the parties have to W.D. Wash. But Named Plaintiff Mr. Doehr resides within this District in Seattle, Washington. Doehr Decl. ¶ 2. Moreover, Bowlero does not dispute that it owns and operates multiple bowling centers in this District—including Garage Billiards & Bowl in Seattle ("Garage") and the recently-acquired Lucky Strike in Bellevue, both of which are highly relevant to this case—and that it thus has significant contacts with and regularly conducts business within this District. Compl. ¶ 104. Named Plaintiff Mr. Doehr bowled at Garage, both before and after it was acquired by Bowlero, and experienced increased prices and reduced quality as a result of

**Simonsen Sussman LLP**
1120 Pacific Avenue, Suite 100, Tacoma, Washington 98402
Tel: (917) 747-5196   Fax: (913) 262-0058

Bowlero's takeover. *Id.* ¶ 19. So did the two additional Seattle-based bowlers who have retained counsel to participate in this lawsuit as plaintiffs. *See* Simonsen Decl. ¶ 2.

**The conduct at issue.** Bowlero categorizes Plaintiffs' allegations regarding its anticompetitive conduct into six types in order to argue that all of this conduct is somehow more closely tied to S.D.N.Y. Aside from the vagueness of Bowlero's self-serving factual claims, by focusing exclusively on where this conduct was *directed from*, Bowlero ignores that its conduct was *directed to* forums other than S.D.N.Y., including W.D. Wash. Without acceding to Bowlero's six categories, Plaintiffs provide the following additional background facts that Bowlero ignored.

*First*, regarding Bowlero's acquisitions, Bowlero states that its unnamed former President and Vice Chairman "primarily led" "much of the company's acquisition activity (including the negotiation and execution of many of the challenged acquisitions) from New York," but is no longer employed by Bowlero. Mot. at 3 (citing ECF No. 31 (Howells Decl.) ¶ 5). As Bowlero acknowledges in its motion, its acquisitions span at least 23 relevant geographic markets, one of them located within W.D. Wash. *Id.* The fact that one person (the former President) associated with one party to these transactions (Bowlero) happened to negotiate from New York City for some portion of some of these acquisitions ignores that in all but one of these cases, the counterparty was *not* located in New York City, the acquisition occurred outside New York City, and the harmful effects of the acquisition were felt outside New York City. For example, in 2023, Bowlero unlawfully acquired Lucky Strike Entertainment, LLC ("LSE LLC"), a 14-center chain headquartered not in New York City, but in Encino, California, whose executives presumably negotiated the deal from the West Coast. Compl. ¶¶ 32, 68. As another example, an independent, local owner was on the other side of Bowlero's 2019 acquisition of Garage in Seattle. *Id.* ¶ 19. The alleged unlawful conduct and its effects are not concentrated in New York City simply because Bowlero's former executive happened to be located there.

*Second*, regarding Bowlero's decisions to charge supra-competitive prices, Bowlero again ignores that its pricing schemes are directed towards individual bowling centers operating

PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER    4
(Case No. 2:26-cv-01535-RAJ)

**Simonsen Sussman LLP**
1120 Pacific Avenue, Suite 100, Tacoma, Washington 98402
Tel: (917) 747-5196   Fax: (913) 262-0058

in specific geographic markets, injuring consumers in those markets—including the market within this District. By focusing only on where "pricing and revenue-management functions" are "overseen," Mot. at 3, Bowlero improperly disregards that the price increases *occurred* in each local market and *injured consumers* in local markets, all but one of which is outside New York City.

Likewise, for Bowlero categories three (procurement), four (marketing strategy), and five (operational decisions), Bowlero similarly relies on the false premise that the location where some decisions were made automatically equates to the location that is more convenient for the case. *See* Mot. at 3 (ignoring the competitive harm caused by Bowlero's extraction of preferential terms from suppliers and the location of those suppliers); *id.* at 4 (ignoring how Bowlero's marketing harms competition in each local market); *id.* (ignoring harm to bowling customers, including in W.D. Wash., resulting from decisions to close bowling centers, reduce operating hours, and cut both maintenance and security). With respect to Bowlero's efforts to obtain discriminatory terms from its suppliers, which harmed competition in each local market, Bowlero further fails to acknowledge that none of the third-party suppliers discussed in the Complaint are within the subpoena power of S.D.N.Y. Kegel is a Florida limited liability company with its principal place of business in Lake Wales, Florida; QubicaAMF Worldwide, LLC is a Virginia Limited Liability Company with its principal office in Mechanicsville, Virginia; and Sysco Corporation is a Delaware corporation with its principal office in Houston, Texas.[1]

Next, regarding Bowlero's acquisition of the Professional Bowlers Association ("PBA") and expansion into adjacent or complementary markets, Bowlero again focuses on the physical location of its own executive in charge of the PBA but fails to mention that the PBA is an international organization with millions of viewers around the country. Compl. ¶ 205. The PBA

---

[1] *See* Simonsen Decl. Exs. A-B; Sysco Corp., Current Report (Form 8-K) (July 1, 2026), https://www.sec.gov/ix?doc=/Archives/edgar/data/0000096021/000110465926079979/tm2619427d1_8k.htm.

PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER          5
(Case No. 2:26-cv-01535-RAJ)

**Simonsen Sussman LLP**
1120 Pacific Avenue, Suite 100, Tacoma, Washington 98402
Tel: (917) 747-5196   Fax: (913) 262-0058

acquisition allows Bowlero to advertise its brand and bowling centers nationally to those viewers and disadvantage local competitors who do not enjoy the tight integration between Bowlero-owned centers and the PBA. *Id.* ¶¶ 206-09. Those disadvantages are experienced by competitors within W.D. Wash., as PBA tournaments have been held at Lucky Strike Lynnwood in Lynnwood, Washington, among other locations. *See* PBA, "PBA NW Invitational Presented by Bowlero," https://www.pba.com/tournaments/2023/pba-nw-invitational-presented-bowlero (last visited July 22, 2026).

In addition, Bowlero ignores its recent acquisitions of outdoor amusement and water parks at issue in this case, which are primarily located on the West Coast in California. *See* Compl. ¶¶ 74-78.

In sum, Bowlero focuses on the location of its own witnesses, spread out among New York, Virginia, and Florida, rather than accounting for the locations in which its conduct occurred and had effects and the locations of all relevant parties and witnesses. Bowlero's alleged conduct has occurred and affected bowling customers and competitors in this District as well as in the other relevant geographic markets as detailed in Plaintiffs' Complaint, and implicates parties, third parties, and witnesses located largely outside of S.D.N.Y. Compl. ¶¶ 99-122.

**IV.    BOWLERO HAS FAILED TO CARRY ITS BURDEN TO SHOW THAT TRANSFER TO S.D.N.Y. IS MORE CONVENIENT FOR THE PARTIES AND WITNESSES AND IN THE INTEREST OF JUSTICE**

Bowlero has failed to carry its burden to show that S.D.N.Y. is more convenient for the parties and witnesses and in the interest of justice. Bowlero's motion ignores factors not in its favor and focuses on its own convenience in arguing for transfer in an attempt to shift the costs of litigation to Plaintiffs. The basic argument Bowlero makes—that this case has little connection to W.D. Wash. because it is a class action with essentially national reach and that Bowlero's witnesses are concentrated in the proposed transferee forum—has previously been criticized in this District. In *Lacy*, the Court rejected that same argument, noting that the defendant seeking transfer "is a massive company with significant resources and ties to this forum." 2020 U.S. Dist.

PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER    6
(Case No. 2:26-cv-01535-RAJ)

**Simonsen Sussman LLP**
1120 Pacific Avenue, Suite 100, Tacoma, Washington 98402
Tel: (917) 747-5196   Fax: (913) 262-0058

LEXIS 53520, at *6-7. The proposition that a defendant can transfer a class action simply because the class is dispersed across the country and the transferee forum would be more convenient for the defendant would "apply to every class action against a foreign company." *Id.* at 7. This Court had rejected that argument because "it cannot be the case that every plaintiff litigating a class action has to file suit in whatever venue the defendant deems most convenient." *Id.*

### A. Bowlero Fails to Address the Parties' Contacts with the Chosen Forum and the Contacts Relating to Plaintiffs' Cause of Action in the Chosen Forum, Both of Which Weigh Against Transfer.

Bowlero only obliquely addresses the parties' contacts with the forum and the contacts relating to Plaintiffs' causes of action, attempting to minimize its own significant relevant contacts with this District by gesturing towards the class action and geographic market allegations in the Complaint. These factors weigh against transfer. As discussed above, Bowlero chooses to conduct substantial business in Washington, including by acquiring and operating multiple bowling centers in this District and holding PBA events within this District. *See supra* Section III. That conduct cannot be disregarded when deciding whether to transfer to the defendant's preferred venue simply because this case is a putative class action. *Lacy*, 2020 U.S. Dist. LEXIS 53520, at *7. Plaintiffs also have significant contacts with this forum: named Plaintiff Mr. Doehr is a resident of Seattle and has bowled at Garage, one of Bowlero's bowling centers in the District. Doehr Decl. ¶ 3. Two additional Plaintiffs who reside in Seattle have retained Plaintiffs' counsel and will seek permission to be added to the case. *See* Simonsen Decl. ¶ 2. And other members of the Seattle-Tacoma-Bellevue, WA MSA putative class have similar contacts within this District. *See* Compl. ¶ 244.

### B. The Convenience of Witnesses and Availability of Compulsory Process to Compel Attendance of Unwilling Non-Party Witnesses Weigh Against Transfer.

Bowlero unconvincingly attempts to analogize this case to *Martin v. American Airlines, Inc.*, No. 2:20-cv-00735-RAJ, 2021 U.S. Dist. LEXIS 32684 (W.D. Wash. Feb. 22, 2021), by pointing to the fact that two out of eleven named Plaintiffs are located in New York and that "the

PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER    7    **Simonsen Sussman LLP**
(Case No. 2:26-cv-01535-RAJ)    1120 Pacific Avenue, Suite 100, Tacoma, Washington 98402
Tel: (917) 747-5196   Fax: (913) 262-0058

defense witnesses are concentrated in the New York area, and otherwise predominantly located on the East Coast." Mot. at 8; *compare id.* at 8-10 *with Martin*, 2021 U.S. Dist. LEXIS 32684, at *8-9. But in that case involving a single plaintiff rather than a putative class, none of the parties resided in Washington. *Id.* at *6. The relevant conduct in that case occurred after the plaintiff left Washington and continued in the transferee forum. *Id.* at *7. The majority of key witnesses in that case—i.e., those who were the subject of the plaintiff's negligence allegations and those who provided medical aid immediately after the incident—were located in the transferee forum. *Id.* at *8-9. None of the facts in *Martin* align with this case. Bowlero does not dispute that one of the named Plaintiffs in this case currently resides in W.D. Wash. (and it cannot dispute that two more also residing in this District will soon seek leave to join him, *see* Simonsen Decl. ¶ 2). Nor does Bowlero dispute that it acquired multiple bowling centers within this District and continues to operate them. Bowlero's anticompetitive conduct has harmed and continues to harm bowling customers and competitors located within this geographic market. There are thus significant relevant contacts with this forum weighing against transfer.

***The party-witness convenience factor weighs against transfer.*** Bowlero's focus on its own witnesses' convenience is misplaced. Mot. at 9-10. Courts recognize that "[w]itnesses who are current employees of a defendant are party witnesses, and *their convenience is entitled to less weight* because the defendant can compel their testimony at trial." *Kokol*, 2025 U.S. Dist. LEXIS 7267, at *11 (emphasis added). As for Plaintiffs, over half of the named Plaintiffs in this case reside closer to W.D. Wash. compared to S.D.N.Y. Doehr Decl. ¶ 2; Cordero Decl. ¶ 2; Goodman Decl. ¶ 2; McDonald Decl. ¶ 2; Soliz Decl. ¶ 2; Compl. ¶ 23. Five of the named Plaintiffs would find it more convenient to litigate this case in this District compared to S.D.N.Y. due to travel time, the cost of travel, and the time difference. Doehr Decl. ¶ 4; Cordero Decl. ¶ 3; Goodman Decl. ¶ 3; McDonald Decl. ¶ 3; Soliz Decl. ¶ 3. In deciding motions to transfer, "courts disfavor transferring venue when 'transfer would merely shift rather than eliminate' costs and convenience." *Arizona v. United States EPA*, No. 2:25-cv-02015-TMC, 2026 U.S. Dist. LEXIS 2683, at *21 (W.D. Wash. Jan. 7, 2026) (citing *Decker Coal Co. v. Commonwealth*

*Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)). On balance, this factor weighs against transfer as it would simply shift the convenience of litigation to Bowlero.

   ***The convenience of non-party witnesses and availability of compulsory process to compel attendance of unwilling non-party witnesses weigh against transfer.*** Bowlero mainly points to its unnamed former President and Vice Chairman as a potential non-party witness who should factor into the transfer analysis. Mot. at 8-9. Bowlero's vague statements regarding this unnamed individual do not favor transfer. In order "[t]o sufficiently demonstrate inconvenience to witnesses, the moving party must name the witnesses, state their location, and explain their testimony and its relevance." *Kokol*, 2025 U.S. Dist. LEXIS 7267, at *11. Bowlero has not satisfied its burden.

   First, Bowlero states that this unidentified former executive "has an office in Manhattan," Mot. at 8, but does not state where he resides or that he would find S.D.N.Y. more convenient. Second, regarding the availability of compulsory process, Bowlero does not state that this individual is unwilling to participate in this case. Compulsory process may not even be necessary if he is a willing witness. *See Tokarski v. Med-Data, Inc.*, No. 2:21-cv-00631-TL, 2022 U.S. Dist. LEXIS 47799, at *18 (W.D. Wash. Mar. 17, 2022) (denying transfer and disregarding whether compulsory process was available for a non-party witness because that witness was voluntarily cooperating). Even if this unnamed former executive's testimony is relevant, he may be subpoenaed to testify at a deposition either remotely or near where he resides under Federal Rule of Civil Procedure 45(c)(1)(A) to preserve his testimony, and his deposition testimony may be used at trial in this District under Rule 32(a)(4)(B). *See Tokarski*, 2022 U.S. Dist. LEXIS 47799, at *18 ("[T]he non-party witnesses' testimony can be preserved in other forms, such as via deposition or affidavit."). Bowlero also mentions "[f]ormer senior executives responsible for acquisitions and procurement" who "are still based in the New York area," but provides no information regarding the relevance of their testimony. Mot. at 9. Bowlero has not met its burden by vaguely identifying potential third-party witnesses.

   Bowlero also ignores the convenience of witnesses who were on the other side of each of

PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER    9
(Case No. 2:26-cv-01535-RAJ)

**Simonsen Sussman LLP**
1120 Pacific Avenue, Suite 100, Tacoma, Washington 98402
Tel: (917) 747-5196   Fax: (913) 262-0058

the acquisitions at issue in this case. For example, Plaintiffs allege a drastic reduction in quality and increase in price following Bowlero's 2023 acquisition of 14 bowling centers from LSE LLC. *See, e.g.*, Compl. ¶¶ 68, 210-36. But LSE LLC was headquartered in California, Compl. ¶ 32, and its executives involved in the acquisition and who can speak to pre-acquisition prices, quality, and customer experience presumably are in California. Therefore, this Court is more convenient for them than S.D.N.Y.

> **C.    The Convenience of the Parties and the Differences in the Costs of Litigation in the Two Forums Weigh Against Transfer.**

Bowlero argues that litigation in this District is inconvenient because its "relevant personnel and records associated with the challenged conduct are in the eastern United States." Mot. at 10. This argument ignores that courts have repeatedly held that "[m]odern technology tends to make access to documentary proof easy from virtually any location." *Cave Man Kitchens, Inc. v. Caveman Foods, LLC*, No. 2:18-cv-01274 RAJ, 2019 U.S. Dist. LEXIS 140135, at *24 (W.D. Wash. Aug. 19, 2019). There are little to no cost savings between the two venues. Given the realities of modern discovery, the location of Bowlero's documents and personnel does not favor transfer.

Moreover, Bowlero's own convenience should not be prioritized over Plaintiffs' choice of venue and the convenience of named Plaintiffs who find W.D. Wash. more convenient. Bowlero is a large, publicly-traded company operating across the country. It is a sophisticated party and has the resources to litigate in a foreign venue. *See Lacy*, 2020 U.S. Dist. LEXIS 53520, at *6-7.

Bowlero's cited cases are inapposite. In *SZ DJI Technology Co. v. Autel Robotics USA LLC*, No. C17-776 RAJ, 2018 U.S. Dist. LEXIS 28927 (W.D. Wash. Feb. 22, 2018), the Court found "particularly persuasive" the fact that there was a pending case in Delaware involving the same parties and similar allegations of infringement relating to the same accused products. *Id.* at *2. There is no such parallel action here. In *Burdick v. Rosenthal Collins Grp., LLC*, No. C12-1667-RAJ, 2013 U.S. Dist. LEXIS 38807, at *5 (W.D. Wash. Mar. 18, 2013), which is not a

PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER          10          **Simonsen Sussman LLP**
(Case No. 2:26-cv-01535-RAJ)                                    1120 Pacific Avenue, Suite 100, Tacoma, Washington 98402
                                                                                Tel: (917) 747-5196   Fax: (913) 262-0058

class action, the Court noted that "almost all of the activity relevant to Plaintiffs' claims against Rosenthal happened in places other than Washington." Similarly, in *Howell v. Gradall Co.*, No. C13-742 RAJ, 2013 U.S. Dist. LEXIS 191300, at *3-7 (W.D. Wash. Sep. 19, 2013), none of the parties in that products liability case resided in the forum, none of the events giving rise to plaintiffs' claims occurred in the forum, and none of the potential witnesses identified lived in the forum. In contrast, and as discussed above, *supra* Section IV.A, Bowlero chooses to conduct substantial business within this District; a named Plaintiff, Mr. Doehr, and two more who will be joining him, reside here; and members of the Seattle-Tacoma-Bellevue, WA MSA putative class have similar contacts with this forum.

**D.    Plaintiffs' Choice of Forum Weighs Against Transfer.**

Plaintiffs chose to file this putative class action lawsuit in W.D. Wash. That decision weighs against transfer. While Bowlero notes that in class actions, "the named plaintiff's choice of forum is given less weight," Mot. at 11 (quoting *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)), this factor still weighs "slightly in favor" of denying a motion to transfer. *Tokarski*, 2022 U.S. Dist. LEXIS 47799, at *15 (denying motion to transfer class action). The Ninth Circuit has instructed: "In judging the weight to be accorded [plaintiff's] choice of forum, consideration must be given to the extent of both [the plaintiff's] and the [defendant's] contacts with the forum, including those relating to [the plaintiff's] cause of action." *Lou*, 834 F.2d at 739. As discussed above, Bowlero fails to address that operative events *occurred within this forum*, and thus the forum has an interest in the parties and the subject matter. *See supra* Section IV.A; *see also* Mot. at 11 (quoting *Martin*: "*[i]f the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter*, [the plaintiff's] choice is entitled to only minimal consideration," 2021 U.S. Dist. LEXIS 32684, at *7) (emphasis added).

Bowlero's citation of *SZ DJI* is similarly unavailing, as neither of the two plaintiffs in that patent infringement suit were residents of Washington, whereas here there is a named Plaintiff, Mr. Doehr, additional Plaintiffs who have retained Plaintiffs' counsel and who will be added to the case, as well as a putative regional class, the Seattle-Tacoma-Bellevue, WA MSA

class. *SZ DJI*, 2018 U.S. Dist. LEXIS 28927, at *3. Bowlero's unsupported, conclusory statement that transfer is appropriate because "the operative facts have little connection to this District" and that "plaintiffs have virtually no interest in the forum" is wrong. Mot. at 11; *see supra* Section IV.A. Bowlero's generalized argument that because this case is a putative class action, the forum has essentially no interest in the parties or the subject matter, Mot. at 11, is not only wrong on the facts; it has also been rejected by the courts in this District. *Lacy*, 2020 U.S. Dist. LEXIS 53520, at *7 ("[I]t cannot be the case that every plaintiff litigating a class action has to file suit in whatever venue the defendant deems most convenient."). This factor weighs at least slightly in favor of denying the motion to transfer.

        **E.**      **W.D. Wash. Has a Greater Interest than S.D.N.Y in this Case, Including the Public Interest in Local Adjudication of Local Controversies, Weighing Against Transfer.**

Bowlero argues that S.D.N.Y. has a greater interest in this case because Bowlero itself did not negotiate or direct any relevant acquisition from W.D. Wash and because none of the acquisition agreements were executed there. Defendants cite no case in support of their argument. In an antitrust case, the location of negotiation or execution of acquisition agreements is not relevant to the forum's interest in the case; the case is not seeking to enforce or challenge any terms of the acquisition agreements, as in an action for breach of contract. Instead, the claims here challenge the effects such acquisitions have on the geographic markets where the acquired bowling centers are located. S.D.N.Y. therefore does not have a superior interest in this case compared to W.D. Wash. Instead, because Plaintiffs brought claims under Washington's Consumer Protection Act, Wash. Rev. Code § 19.86, *et seq.* (Compl. ¶¶ 290-303), but did not bring parallel state law claims under New York law, W.D. Wash. Has a superior interest in this case, and the Washington public has an interest in local adjudication of this controversy. *See, e.g.*, *Valve Corp. v. Rothschild*, No. 23-cv-1016, 2024 U.S. Dist. LEXIS 85343, at *6 (W.D. Wash. May 10, 2024) (denying transfer and noting that Washington courts have an interest in adjudicating claims under Washington state statutes). This District thus has a superior interest in the case compared to S.D.N.Y.

PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER     12     **Simonsen Sussman LLP**
(Case No. 2:26-cv-01535-RAJ)     1120 Pacific Avenue, Suite 100, Tacoma, Washington 98402
Tel: (917) 747-5196   Fax: (913) 262-0058

### F.    The Forum's Familiarity with Governing Law Weighs Against Transfer.

While Bowlero argues that this factor favors transfer or is neutral because "[n]o single forum is more familiar than another with this multi-state body of law," Mot. at 12, when compared to S.D.N.Y., this forum has more experience with the Washington Consumer Protection Act claims asserted in this case. This forum has both more familiarity with Washington law and an interest in resolving controversies involving that law even if there may be parallels with Plaintiffs' federal claims. It is also undeniable that this Court, and Judge Jones himself, have extensive experience presiding over antitrust cases. *See, e.g.*, *Costco Wholesale Corp. v. AU Optronics Corp.*, No. 2:13-cv-1207-RAJ (W.D. Wash) (Jones, J.); *Gorlick Distrib. Ctrs. LLC v. Car Sound Exhaust Sys. Inc.*, No. 2:07-cv-1076-RAJ (W.D. Wash) (Jones, J.); *FTC v. Amazon Inc.*, No. 2:23-cv-01495 (W.D. Wash.). This factor thus weighs against transfer.

### G.    Access to Sources of Proof Weigh Against Transfer.

Bowlero restates its argument that documentary evidence from Bowlero resides in New York, Virginia, and Florida. Mot. at 13 (citing Howells Decl. ¶ 12). As courts have regularly recognized, though, the physical location of relevant evidence is irrelevant to the transfer analysis as electronic discovery is the norm. *Cave Man Kitchens*, 2019 U.S. Dist. LEXIS 140135, at *24. Even if it were not, Bowlero is a large, publicly traded company that is sophisticated enough to litigate a case in a foreign venue. This factor does not favor transfer.

### H.    The Relative Congestion of S.D.N.Y. Compared to W.D. Wash. Weighs Against Transfer.

One final factor not addressed by Bowlero is the relative congestion of the courts. In S.D.N.Y., for the year ending December 31, 2025, the average number of pending cases per judgeship is 612 and the median time from filing to trial in civil cases is 36.4 months. Admin. Office of the U.S. Courts, *Federal Court Management Statistics: U.S. District Courts, Judicial Caseload Profiles* 11 (Dec. 31, 2025), https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile1231.2025.pdf. In W.D. Wash., the average number of pending cases per judgeship is 524 and the median time from filing to trial in civil cases is 27.0 months. *Id.* at 76.

PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER    13    **Simonsen Sussman LLP**
(Case No. 2:26-cv-01535-RAJ)    1120 Pacific Avenue, Suite 100, Tacoma, Washington 98402
Tel: (917) 747-5196   Fax: (913) 262-0058

This District is less congested than S.D.N.Y., weighing against transfer.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court deny Bowlero's motion to transfer this action to S.D.N.Y. pursuant to 28 U.S.C. § 1404(a).

Dated July 22, 2026

Respectfully Submitted,

By: /s/ Catherine S. Simonsen

Catherine S. Simonsen (WSBA No. 45552)
**SIMONSEN SUSSMAN LLP**
418 Bamboo Lane, Suite C-18
Los Angeles, CA 90012
Tel: (917) 747-5196
Fax: (646) 357-8447
Email: catherine@simonsensussman.com

Nico Gurian*
**SIMONSEN SUSSMAN LLP**
307 West 38th Street, 16th Floor
New York, NY 10018
Tel: (646) 693-3929
Fax: (646) 357-8447
Email: nico.gurian@simonsensussman.com

Nicolas Stebinger*
**SIMONSEN SUSSMAN LLP**
1629 K Street NW, Suite 300
Washington, DC 20006
Tel: (202) 384-3130
Fax: (646) 357-8447
Email: nicolas@simonsensussman.com

John P. Fiske*
Lindsay Stevens*
**BARON & BUDD, P.C.**
11440 West Bernardo Court, Suite 265
San Diego, CA 92127
Tel: (858) 251-7424
Fax: (214) 523-6600
Email: jfiske@baronbudd.com
Email: lstevens@baronbudd.com

Brett Land
**BARON & BUDD, P.C.**
3102 Oak Lawn Ave. #1100
Dallas, TX 75219
Tel: (214) 523-6206
Fax (214) 523-6600
Email: bland@baronbudd.com

Adam Tamburelli*
**BARON & BUDD, P.C.**
15910 Ventura Blvd #1600
Encino, CA 91436
Tel: (818) 839-2329
Fax (214) 523-6600

Email: atamburelli@baronbudd.com

*Attorneys for Plaintiffs and Proposed Classes*
*\* Admitted Pro Hac Vice*

*I certify that this memorandum contains 4,772 words, in compliance with the Local Civil Rules.*

PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER    15
(Case No. 2:26-cv-01535-RAJ)