HON. RICHARD A. JONES

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| BENJAMIN DOEHR, ZACH SOLIZ, MITCHEL FEUER, KEVIN HOWARD, ANDRE HOWARD, MICHAEL CORDERO, ED MCDONALD, THEODORE HARKNESS, TIM KELLY, MAOR KRAMER, and CASEY GOODMAN, on behalf of themselves,<br><br>Plaintiffs,<br><br>vs.<br><br>LUCKY STRIKE ENTERTAINMENT CORPORATION (f/k/a BOWLERO CORP.); AMF BOWLING CENTERS, INC.; and LUCKY STRIKE ENTERTAINMENT LLC,<br><br>Defendants. | Case No. 2:26-CV-01535-RAJ<br><br>**DEFENDANTS LUCKY STRIKE ENTERTAINMENT CORPORATION (F/K/A BOWLERO CORP.) AND AMF BOWLING CENTERS, INC.'S REPLY IN SUPPORT OF THEIR MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**<br><br>**NOTING DATE:  July 29, 2026** |

REPLY ISO MOTION TO TRANSFER VENUE
(Case No. 2:26-CV-01535-RAJ)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

## INTRODUCTION

Bowlero has readily met its burden under the *Jones* factors, which point in one direction, and Plaintiffs' Opposition has not detracted from Bowlero's showing.

This action has *de minimis* connection to this District; the center of gravity is in the Southern District of New York ("S.D.N.Y.").[1]  The convenience factors thus weigh heavily in favor of transfer.  The primary material witnesses are current and former Bowlero executives who are located in New York or on the East Coast.  These are the individuals who directed the alleged company-wide conduct at issue.  If discovery is needed from witnesses local to the 23 alleged markets (*22* of which are outside this District), that fact favors transfer: *16* of the 23 alleged markets are in the S.D.N.Y. or closer to it than to this District.  The only connections to this District are two bowling centers (out of nearly 100 identified in the Complaint) and a single Plaintiff out of the 11 named.[2]  While Plaintiffs mention potential third parties, the only specifics they provide are the former location of LSE LLC, a company (from which Bowlero acquired bowling centers) whose California registration has been cancelled, and vendors of Bowlero that are based closer to New York than to Seattle.

The interests of justice also favor transfer.  Plaintiffs plead claims under the laws of *five* different states.  This District is no better positioned than the S.D.N.Y. to address those state law claims, and no claim carries more weight than any other. Although Plaintiffs bring a claim under the WCPA, courts analyzing it are to be guided by federal antitrust decisions, with which both this District and the S.D.N.Y. have experience.  Moreover, to the extent hard-copy records bear on the challenged conduct, they are located in New York, Virginia, or Florida.  And, contrary to Plaintiffs' suggestion otherwise, this Court has twice discounted docket congestion statistics as illusory or too slight to impact the analysis.  It should do so again here.

This Court should transfer this action to the S.D.N.Y.

---

[1]  Plaintiffs concede by their silence that this action could have been brought in the S.D.N.Y.

[2]  Plaintiffs state they will add Seattle-based Plaintiffs, but the potential inclusion of prospective Plaintiffs does not bear on this analysis.

REPLY ISO MOTION TO TRANSFER VENUE - 1
(Case No. 2:26-CV-01535-RAJ)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

## ARGUMENT[3]

### I.    PLAINTIFFS CONCEDE THAT THIS ACTION COULD HAVE BEEN BROUGHT IN THE TRANSFEREE DISTRICT

In the Motion, Bowlero demonstrated that this action could have been brought in the S.D.N.Y.  Mot. 6-7.  Plaintiffs do not challenge this showing, and thus concede this element of the test for transfer.

### II.    THE CONVENIENCE FACTORS FAVOR NEW YORK

#### A.    New York Is More Convenient for the Key Party Witnesses

"[T]he relative convenience to the witnesses is often recognized as the most important factor" on a transfer motion.  Mot. 8 (quoting *Martin v. American Airlines, Inc.*, 2021 WL 673537, at *2 (W.D. Wash. Feb. 22, 2021)).  The convenience factor turns on "materiality and importance of the anticipated witnesses' testimony."  *Howell v. Gradall Co.*, 2013 WL 11609935, at *2 (W.D. Wash. Sept. 20, 2013) (quoting *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335-36 (9th Cir. 1984)).  Plaintiffs fundamentally misunderstand this factor.

#### 1.    The parties' "contacts" with Seattle favor transfer.

Bowlero is simply asking the Court to follow the Section 1404(a) factors, which overwhelmingly favor transfer.  Plaintiffs attempt to distract from the factor of where the key witnesses reside to an argument about "contacts" with this District.  Opp. 7.  But the analysis is not a minimum contacts test—that Bowlero operates two bowling centers in Seattle (Opp. 7) does not, by itself, move the needle.  *See El Hadidi v. Intracoastal Land Sales, Inc.*, 2012 WL 609343, at *4 n.3 (D.N.J. Feb. 24, 2012) ("[T]he transfer determination under § 1404(a) does not turn on whether Defendant had sufficient contacts with [the forum] so as to establish personal jurisdiction;

---

[3]  Plaintiffs' Opposition contains a lengthy argumentative "Response to Bowlero's Background," Opp. § 3, which does not explain how, if at all, the "responses" relate to the transfer factors and relies on the Complaint's allegations, which are not evidence.  Instead of a section responding to the "Response to Bowlero's Background," Bowlero addresses those points below, to the extent they relate to specific transfer factors.  Bowlero does not seek to refute every point because many fall outside the scope of the transfer test dand are thus entirely irrelevant.

REPLY ISO MOTION TO TRANSFER VENUE - 2
(Case No. 2:26-CV-01535-RAJ)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

instead, as outlined above, it involves a weighing of the relevant private and public interests."). Rather, the convenience factor turns on the "materiality and importance of the anticipated witnesses' testimony." *Howell*, 2013 WL 11609935, at *2 (citation omitted). Plaintiffs have not identified *any* witnesses in this District (apart from Mr. Doehr). Bowlero is therefore not asking this Court to transfer "simply because this case is a putative class action." Opp. 7 (citing *Lacy v. Comcast Cable Communications, LLC*, 2020 WL 1469621 (W.D. Wash. Mar. 26, 2020)).

Applying the appropriate factors, the parties' contacts with this District that relate to Plaintiffs' causes of action weigh in favor of transfer (and certainly not against) since those same types of contacts exist in the 22 other alleged markets. That is, in addition to operating two bowling centers in the Seattle area, Bowlero operates bowling centers in the S.D.N.Y., and in numerous alleged markets that are closer to the S.D.N.Y. than to Seattle. Compl. ¶¶ 99-122. *16* of the 23 markets Plaintiffs allege are either in New York or closer to New York than to Seattle.[4] Accordingly, the center of gravity as to Bowlero's contacts with local markets via the operation of bowling centers favors transfer.[5] Regardless, the Bowlero decision-makers involved in the acquisition of the Seattle (and other) bowling centers, and involved in decisions about pricing and other conduct Plaintiffs challenge, are not located in Seattle—they are in New York or on the East Coast. *See* Mot. 2-4, 8-10; Howells Decl. ¶¶ 5-10.

Plaintiffs' own contacts (Opp. 7) likewise favor transfer. Mr. Doehr—one of *11* named Plaintiffs—is the *only* one with any apparent connection to Seattle. But Plaintiffs have not explained how merely bowling in the District makes him a material witness. Moreover, he is no differently situated than putative class representatives or class members located in the other alleged markets, 16 of which are either in New York or closer to New York than Seattle.

---

[4]   Those 16 alleged markets are in Kansas, Nebraska, Wisconsin (2), Illinois, Michigan, New York, Pennsylvania (2), Maryland, D.C., Virginia, North Carolina, and Florida (3). Compl. ¶¶ 99-122, 170. Those closer to Seattle are in Washington, California (4), Arizona, and Colorado. *Id*.

[5]   Plaintiffs point to "PBA tournaments … at Lucky Strike Lynnwood," Opp. 6, but Lucky Strike Lynnwood is not mentioned in the Complaint and is thus irrelevant to the transfer analysis.

REPLY ISO MOTION TO TRANSFER VENUE - 3
(Case No. 2:26-CV-01535-RAJ)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

While Plaintiffs represent that they "will seek permission" at some point to add two other Seattle residents to the Complaint (Opp. 7), these individuals are hypothetical—they are not parties. Plaintiffs could have amended their Complaint by right to add these individuals (or any others from the other 22 alleged MSAs) the same day Plaintiffs filed their Opposition to this Motion, but elected not to. Plaintiffs also could have provided the names and relevance of testimony for these individuals, but did not. Further, this argument is a red herring, because the presence of absent class members in Seattle (Opp. 7) does not weigh against transfer. There are absent class members located in the 22 other alleged markets, 16 of which are closer to the S.D.N.Y. than to Seattle.

### 2. *The convenience of party witnesses weighs in favor of transfer.*

Plaintiffs' arguments that the convenience of party witnesses weighs against transfer (Opp. 7-9) fail for numerous reasons.

Plaintiffs attempt to downplay the materiality of Bowlero's current employees by arguing that party witnesses are "entitled to less weight." Opp. 8 (citation omitted). But Plaintiffs do not explain why that rule would not apply equally to Mr. Doehr, a party witness.

Additionally, courts have recognized that transfer is more appropriate "when there could be a substantial disruption to a party's business operations based on the number of its employee-witnesses that could be called to testify at trial beyond their district of residence." *Am. GNC Corp. v. GoPro, Inc.*, 2018 WL 6074395, at *18 (S.D. Cal. Nov. 6, 2018) (citations omitted). Bowlero has demonstrated that all of the key decision-makers relevant to Plaintiffs' allegations are located outside Seattle; they are in New York, or closer to New York than to Seattle. *See* Mot. 2-4, 8-10; Howells Decl. ¶¶ 5-10. These are not incidental witnesses; they were involved in the acquisition, pricing, marketing, and operational decisions challenged by the Complaint. Compl. ¶¶ 72, 135, 183, 210, 214-216, 220-222, 227-228. Compelling the senior leadership of Bowlero to litigate or testify on the other side of the country from where they work is the very disruption courts seek to protect against.

REPLY ISO MOTION TO TRANSFER VENUE - 4
(Case No. 2:26-CV-01535-RAJ)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

Plaintiffs attempt to sidestep this factor by arguing that Bowlero's pricing, procurement, marketing strategy, and operational decisions allegedly "harmed competition in each local market." Opp. 5. But according to Plaintiffs, the practices Plaintiffs challenge are a company-wide strategy, not a market-specific one. Plaintiffs allege pricing was set through a company-wide dynamic-pricing system and an in-house consultant examining "pricing by hour, by date, by center," Compl. ¶¶ 214-216, that marketing and customer data were pooled "across [Bowlero's] properties" to "personalize marketing and pricing," *id*. ¶ 135, that food-and-beverage upselling rose "across the company," *id*. ¶¶ 220-222, and that procurement was consolidated into an exclusive lane-oil arrangement replacing the oils used "in [Bowlero's] bowling centers" company-wide. *Id*. ¶ 72. Plaintiffs allege quality and operational cuts were general practices, not local ones, *id*. ¶¶ 227-228, and fault "Bowlero's nationwide scale" and "a single national marketing campaign benefitting all of its hundreds of centers," *id*. ¶ 183. Given Plaintiffs' allegations, Bowlero's executives who lead these allegedly company-wide decisions are the most material witnesses to the conduct at issue.

Plaintiffs' effort to distinguish *Martin* (Opp. 7-8) fails. Plaintiffs point to one Plaintiff's residence, and that Bowlero operates two bowling centers in Washington. Opp. 8. However, Plaintiffs' argument ignores the court's finding in *Martin* that American Airlines' operations in Seattle did not overcome the location of the key witnesses' proximity to the transferee District. 2021 WL 673537, at *3. Indeed, just as in *Martin*, it is "indisputable that the majority of key witnesses" are in or closer to the S.D.N.Y., which weighs "heavily in favor of transfer." *Id*.

### 3. New York is more convenient for non-party witnesses.

Plaintiffs' arguments regarding the convenience of non-party witnesses and the availability of compulsory process likewise fail. Opp. 9-10.

First, Plaintiffs wrongly argue that the most important non-party witness, who directed many of the transactions at issue, should not be considered by the Court because, even while Bowlero explained (a) his role, (b) that he has an office in New York City, and (c) the relevance of his testimony, Bowlero did not provide his name or state of residence in the brief. Opp. 3, 9;

REPLY ISO MOTION TO TRANSFER VENUE - 5
(Case No. 2:26-CV-01535-RAJ)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

*see also* Opp. 9 (contending that the movant must "name the witnesses, state their location, and explain their testimony and its relevance") (quoting *Kokol v. Hubbell Power Sys.*, 2025 WL 90925, at *4 (W.D. Wash. Jan. 14, 2025)). During the parties' June 26 meet and confer on this Motion, Bowlero provided the former executive's name, office location, and (though not required) his believed state of residence to Plaintiffs. And in the Motion and supporting evidence, Bowlero provided his role, titles, and relevance, and clearly stated that his New York City office was within subpoena power of the S.D.N.Y. Mot. 8-9; Howells Decl. ¶¶ 5, 7. Bowlero just did not publish his name in a public filing, which *Kokol* does not require.[6] Plaintiffs' suggestion that Bowlero has not sufficiently explained that a third-party witness would find the District in which his office is located more convenient than commuting across the country to Seattle (Opp. 9) is baseless conjecture.

Plaintiffs suggest without evidence that the non-party's testimony could be secured without compulsion. Opp. 9. This conjecture holds no weight, and Plaintiffs' citation to *Tokarski* is accordingly misplaced. There, the non-party at issue was *actively cooperating* in the litigation. Opp. 9 (citing *Tokarski v. Med-Data, Inc.*, 2022 WL 815882, at *6 (W.D. Wash. Mar. 17, 2022)); *see also Howell*, 2013 WL 11609935, at *3 n.4 (discounting a non-party's stated willingness to testify when it was conditioned on payment for travel). Moreover, the *Tokarski* court stated that it "likely would have granted" transfer "at the outset of this case," but denied it due to delay and "gamesmanship." 2022 WL 815882, at *8. Those issues are not present here.

Plaintiffs contend that Bowlero's former executives' locations are wholly irrelevant because their "deposition testimony may be used at trial." Opp. 9. That argument is not the law. Bowlero is entitled to defend itself with live witnesses at trial, and compelling key, non-party witnesses is crucial to Bowlero's right and ability to defend itself. That is why this Court has recognized that "the convenience of non-party witnesses is the more important factor" as compared to the convenience of party witnesses. *Amazon.com, Inc. v. Cendant Corp.*, 404 F. Supp. 2d 1256,

---

[6] Plaintiffs did not provide the names of the additional Plaintiffs that they apparently will seek to add.

REPLY ISO MOTION TO TRANSFER VENUE - 6
(Case No. 2:26-CV-01535-RAJ)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

1260 (W.D. Wash. 2005) (citation omitted).  In any event, if deposition testimony could nullify this factor, then this factor would be neutral as to *all* non-party witnesses.

Plaintiffs also wrongly assert that Bowlero has "provide[d] no information regarding the relevance of" other former executives.  Opp. 9 (citing Mot. 9).  Bowlero clearly explained how acquisitions and procurement are alleged to be at issue in the Complaint, Mot. 3, and then identified specific former executives who held roles covering that subject matter, Mot. 9, which was attested to by Bowlero's Associate General Counsel, Howells Decl. ¶ 8.

Plaintiffs next argue that some (but not all) of the *counterparties* to Bowlero's acquisitions were located outside New York, and that those third parties' convenience should be considered.  Opp. 9-10; *see also* Opp. 4.  Plaintiffs confuse the analysis.  What matters is where witnesses are located *now*.  Plaintiffs have not identified a single counterparty witness *currently* located in this District (or elsewhere).  Plaintiffs' sole attempt to identify counterparties is to point to the California "sellers" of the Lucky Strike locations (*i.e.*, LSE LLC).  Opp. 4, 10.  But LSE LLC's registration in California has been cancelled, Swindall Decl. ¶¶ 3, 5; Ex. A, so it seemingly has no headquarters and no personnel.  Plaintiffs do not identify (by name or by title) any former LSE LLC employees with relevant testimony or their current location.  And Plaintiffs do not even suggest those individuals are located in, or within the subpoena power of, *this* District.  Accordingly, their locations are, at best, neutral.

Similarly, Plaintiffs argue that Bowlero's suppliers lie beyond the S.D.N.Y.'s subpoena power.  Opp. 5.  That argument is self-defeating, because the suppliers they identified are likewise not in Washington, and they lie equally beyond this Court's subpoena power, so their location cannot weigh against transfer.  In fact, Plaintiffs' Opposition places those suppliers nearer to New York than to Seattle—*i.e.*, in Florida (Kegel), Virginia (QubicaAMF), and Texas (Sysco).  Opp. 5.

REPLY ISO MOTION TO TRANSFER VENUE - 7
(Case No. 2:26-CV-01535-RAJ)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

**B.   Transfer Would Not Merely "Shift Costs," and the Cost of Litigation Does Not Favor This District**

Plaintiffs contend that transfer would "merely shift" costs, Opp. 8 (citation omitted), that "Differences in the Costs of Litigation" weigh against transfer, Opp. 10, and that transfer would prioritize Bowlero's "convenience … over … the convenience of Named Plaintiffs," Opp. 10.

Plaintiffs have not identified any way in which the costs of litigation would be lower if this case were litigated in this District.  Nor have they explained how costs would be "shifted" to Plaintiffs if it were litigated in the S.D.N.Y.  That Bowlero is a large company, Opp. 10, is not a Section 1404(a) factor; the inquiry is comparative convenience, not the capacity to bear litigation costs.

The center of this case lies outside Seattle: 22 of the 23 alleged markets and 10 of the 11 named Plaintiffs are outside this District, and the material witnesses identified are in or nearer to New York than they are to Seattle.  Relocating the case toward that center of gravity eliminates net inconvenience rather than reallocating it.  The stated preferences (via cursory declarations) of five of the 11 named Plaintiffs, four of whom reside in California, cannot outweigh the materiality of Bowlero's decision-makers whose conduct is at issue.  And Plaintiffs do nothing to suggest that the remaining six named Plaintiffs—*two of whom are in New York*—find Seattle more convenient than New York.  Compl. ¶¶ 21, 22.

Plaintiffs have not legitimately distinguished Bowlero's principal cases, *Burdick* and *Howell*.  Opp. 10-11.  In *Burdick*, 14 plaintiffs sued a futures broker; three plaintiffs resided in Seattle, two more kept homes here, and they pleaded WCPA claims.  *Burdick v. Rosenthal Collins Group, LLC*, 2013 WL 1163786, at *1 (W.D. Wash. Mar. 18, 2013).  This Court nevertheless transferred the case and held that the plaintiffs' signing of agreements in Seattle was "entitled to little weight." *Id.* at *2.  The plaintiffs' residence did not save the forum, because the relevant conduct and witnesses lay "in places other than Washington," where the defendant was headquartered and its executives worked.  *Id.*  Mr. Doehr's lone residence is a thinner tie than the multiple resident plaintiffs and the in-forum contracts that *Burdick* held insufficient.  Plaintiffs'

REPLY ISO MOTION TO TRANSFER VENUE - 8
(Case No. 2:26-CV-01535-RAJ)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

main answer is that *Burdick* "is not a class action," Opp. 10-11, which sharpens the point rather than blunting it: a named plaintiff's choice of forum carries "less weight" in a putative class action. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (citation omitted); *see also SZ DJI Tech. Co. Ltd. v. Autel Robotics USA LLC*, 2018 WL 1014614, at *1 (W.D. Wash. Feb. 22, 2018) ("Where the action has little connection with the chosen forum, less deference is accorded plaintiff's choice, even if plaintiff is a resident of the forum.") (citation omitted).

Plaintiffs' criticism of *Howell* (Opp. 11) fares no better. There, the defendant sold products in this District, 2013 WL 11609935, at *1, n.3, and the plaintiff had family in Seattle and asked for the case to be tried here, *id.* at *1. This Court transferred anyway, holding the District's "interest in the parties or the subject matter [was] extremely attenuated" because the witnesses and proof lay elsewhere. 2013 WL 11609935, at *1. Here, Plaintiffs identify no witness to the challenged conduct (other than Mr. Doehr regarding potential effects), and no source of proof material to it, in this District. Rather, it is undisputed the most material witnesses are Bowlero's leadership in and near New York. Howells Decl. ¶¶ 5-8, 10.

**C. Plaintiffs' Choice of Forum Is Entitled to Minimal Consideration**

Plaintiffs do not deny that their choice of forum is "given less weight." Opp. 11 (citing *Lou*, 834 F.2d at 739). Plaintiffs nevertheless attempt to amplify the weight given to their chosen forum by arguing that "operative events occurred within this forum." Opp. 11. But the key events at issue center around Bowlero's alleged conduct related to alleged company-wide decisions, which overwhelmingly were centered in and radiated out of New York, Virginia, and Florida. *See supra* Part II.A.2. And to the extent "operative events occurred" within this District, the same types of "operative events" are alleged to have occurred in the other 22 alleged markets (*including the S.D.N.Y.*), 16 of which are in New York or closer to New York than to Seattle. *See supra* note 4. And 10 of 11 named Plaintiffs reside outside this District. For these reasons, the "operative facts" occurring within this District (if any) are *de minimis*, and Plaintiffs' choice of forum is indeed "entitled to only minimal consideration." *Martin*, 2021 WL 673537, at *3 (quoting *Lou*, 834 F.2d at 739). This case is therefore akin to *SZ DJI*, where the court reasoned that even if the

REPLY ISO MOTION TO TRANSFER VENUE - 9
(Case No. 2:26-CV-01535-RAJ)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

plaintiffs resided in Washington, "their choice of forum is not accorded absolute deference." 2018 WL 1014614, at *1 (citation omitted).

Bowlero's showing in support of transfer was anything but "conclusory." Opp. 12. In its Motion and again here, Bowlero has made a detailed showing connecting the categories of conduct alleged in the Complaint with key witnesses who are in New York or the East Coast (and, importantly, *not* in or within subpoena power of this District). *See* Mot. 2-4. Bowlero has also made the corollary showings that there is little connection with this District other than Mr. Doehr and two bowling centers; whereas New York has those connections and more. *See* Mot. 10-13.

Plaintiffs suggest that class actions with little connection to this District and classes dispersed across the country cannot meet the threshold for transfer, because class action plaintiffs need not select the forum most convenient to defendants. Opp. 12; *see also id*. 6-7 (citing *Lacy*). *Lacy* is inapposite. There, in a brief analysis, the court declined to disturb the forum of the *sole* plaintiff, crediting that the defendant's convenience argument was "speculative" and "minimal." *Lacy*, 2020 WL 1469621, at *3. Here, Mr. Doehr is the *only* named Plaintiff (out of 11) located in Seattle and, as discussed in the Motion and here, Bowlero has made a robust showing that witness and party convenience favors New York. Mot. 8-11; *supra* Part II.A-B. Moreover, the *Lacy* court credited that the sole plaintiff's "choice of forum should be given substantial deference," *id*., but that notion has been rejected by the Ninth Circuit when it held that "when an individual … represents a class, the named plaintiff's choice of forum is given less weight," *Lou*, 834 F.2d at 739.

## III.   THE INTERESTS OF JUSTICE FACTOR FAVORS NEW YORK

### A.   This District Does Not Have a Superior Interest to the S.D.N.Y., and the Forum's Familiarity With Governing Law Does Not Weigh Against Transfer

Plaintiffs contend first that where the challenged acquisitions were negotiated and executed is "not relevant" here, because the claims challenge the acquisitions' effects rather than the terms of any agreement. Opp. 12. But the challenged effects were produced by decisions made and directed from New York. What matters is not merely where agreements were signed but where

REPLY ISO MOTION TO TRANSFER VENUE - 10
(Case No. 2:26-CV-01535-RAJ)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

the relevant conduct occurred, and here that alleged conduct is Bowlero's corporate decision-making, which is centered in New York, not Seattle.  Mot. 2-4, 10-12; Howells Decl. ¶¶ 5-8, 10.  Plaintiffs cite no authority excising this factor from antitrust cases, and none exists.

Plaintiffs next argue that this District has a superior interest, and greater familiarity with the governing law, because Plaintiffs pleaded a WCPA claim and no parallel New York state claim.  Opp. 12-13.  This Court rejected a similar argument in *Burdick*, holding that Washington's interest was "no greater than" that of the other states whose law the plaintiffs invoked, and that it had "no more familiarity" with those out-of-state claims than the transferee court would.  2013 WL 1163786, at *3.  Plaintiffs also ignore that the WCPA directs courts construing it to "be guided by" federal antitrust decisions.  RCW 19.86.920.  Its application tracks Plaintiffs' federal Clayton Act and Sherman Act claims, and it demands no expertise unique to this forum.

Plaintiffs' reliance on *Valve* (Opp. 12) is misplaced.  There, the court retained the case because the agreement was negotiated and executed in Washington, the plaintiff was incorporated in Washington, "most of its employees" and "[t]he vast majority of all witnesses" were in the District, and its documents and records were in Washington.  *Valve Corp. v. Rothschild*, 2024 WL 2133951, at *2-3 (W.D. Wash. May 10, 2024) (citation omitted).  Here, every one of those factors points the other way.

Finally, while Bowlero does not dispute this Court's experience with antitrust cases (Opp. 13), "courts in SDNY are equally familiar with … claims involving federal antitrust law." *Original Talk Radio Network, Inc. v. Dial Glob., Inc.*, 2013 WL 12140478, at *13 (C.D. Cal. May 17, 2013) (noting that "pendency of a supplemental state-law claim should not override" transfer) (citation omitted).

**B.    Access to Sources of Proof Favors New York**

Plaintiffs argue that document location is irrelevant because discovery can be produced electronically.  Opp. 10, 13 (citing *Cave Man Kitchens, Inc. v. Caveman Foods, LLC*, 2019 WL 3891327 (W.D. Wash. Aug. 19, 2019)).  However, to the extent hard-copy records bear on the challenged conduct, they are maintained in New York, Virginia, or Florida.  Howells Decl. ¶ 12.

REPLY ISO MOTION TO TRANSFER VENUE - 11
(Case No. 2:26-CV-01535-RAJ)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

The ease-of-access factor therefore does not favor this District, and to the extent it favors either forum, it favors New York.

### C.    Supposed Congestion Changes Nothing

Plaintiffs' last argument, relative docket congestion (Opp. 13-14), is the least weighty of the factors and does not move the scales.  This Court has twice discounted such statistics, calling this District's figures "illusory because the statistics do not reflect this court's significant case load," *Howell*, 2013 WL 11609935, at *3, and finding congestion differences between districts "too slight" to matter, *Burdick*, 2013 WL 1163786, at *3.  A modest difference in median time to trial, in a case that may never reach trial, cannot outweigh the concentration of witnesses and evidence in or nearer to the transferee forum.

### CONCLUSION

Given that the *Jones* factors overwhelmingly favor transfer, this Court should transfer this action to the Southern District of New York.

REPLY ISO MOTION TO TRANSFER VENUE - 12
(Case No. 2:26-CV-01535-RAJ)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

Dated July 29, 2026

/s/ *Alicia Cobb*
Alicia Cobb, WSBA #48685
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Phone: (206) 905-7000
Fax: (206) 905-7100
aliciacobb@quinnemanuel.com

Alex Spiro (*pro hac vice*)
295 Fifth Ave., New York, NY 10010
Tel.: (212) 849-7000
Fax: (212) 849-7100
alexspiro@quinnemanuel.com

Debra D. Bernstein (*pro hac vice*)
Ryan F. Swindall (*pro hac vice*)
1200 Abernathy Road NE
Building 600, Suite 1500
Atlanta, GA  30328
Tel.: (404) 482-3502
Fax: (404) 681-8290
debrabernstein@quinnemanuel.com
ryanswindall@quinnemanuel.com

Kevin Y. Teruya (*pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel.: (213) 443-3000
Fax: (213) 443-3100
kevinteruya@quinnemanuel.com

Kevin J. Arquit (*pro hac vice*)
555 13th Street NW, Suite 600
Washington, D.C. 20004
Tel.: (202) 538-8000
Fax: (202) 538-8100
kevinarquit@quinnemanuel.com

*Attorneys for Lucky Strike Entertainment
Corporation and AMF Bowling Centers, Inc.*

*I certify that this memorandum contains 4,197
words, in compliance with the 4,200 word limit
set forth in Local Civil Rule 7.*

REPLY ISO MOTION TO TRANSFER VENUE - 13
(Case No. 2:26-CV-01535-RAJ)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000