Hon. Richard A. Jones

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| BENJAMIN DOEHR, ZACH SOLIZ, MITCHEL FEUER, KEVIN HOWARD, ANDRE HOWARD, MICHAEL CORDERO, ED MCDONALD, THEODORE HARKNESS, TIM KELLY, MAOR KRAMER, and CASEY GOODMAN, on behalf of themselves,<br><br>Plaintiffs,<br><br>vs.<br><br>LUCKY STRIKE ENTERTAINMENT CORPORATION (f/k/a BOWLERO CORP.); AMF BOWLING CENTERS, INC.; and LUCKY STRIKE ENTERTAINMENT LLC,<br><br>Defendants. | Case No. 2:26-CV-01535-RAJ<br><br>**DEFENDANTS LUCKY STRIKE ENTERTAINMENT CORPORATION (F/K/A BOWLERO CORP.) AND AMF BOWLING CENTERS, INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>**NOTING DATE:  August 4, 2026** |

RESPONSE TO MOTION FOR RECONSIDERATION
(Case No. 2:26-CV-01535-RAJ)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

**INTRODUCTION**

Plaintiffs have failed to establish "manifest error" in the Court's Order vacating the initial case deadlines.  On July 2, 2026, this Court *sua sponte* found good cause to vacate the initial case deadlines pending resolution of Bowlero's[1] Motion to Dismiss and Motion to Transfer Venue.  The Court has broad discretion to manage its own docket as it did, consistent with the law in the Ninth Circuit, and was correct to do so given Bowlero's pending motions to transfer venue and to dismiss this far-reaching antitrust action, *in toto*, because of its fundamental deficiencies.

Plaintiffs now seek reconsideration of that Order, a disfavored remedy requiring a showing of manifest error, new facts, or new law.  *See* LCR 7(h)(1).  But Plaintiffs show none.

Plaintiffs claim this Court committed "manifest error" by depriving Plaintiffs of their supposed "automatic right to discovery," and without support, question this Court's authority to find good cause without motion practice first.  But Plaintiffs' arguments would abrogate the Court's inherent case management authority, causing needless inefficiency and waste in the process.  Their brief makes it clear there was no manifest error here.

But even if the Court were to ask Bowlero to establish good cause to stay discovery, good cause is abundant.  Plaintiffs, in a 333-paragraph Complaint, allege that Bowlero acted anticompetitively in at least 50 acquisitions of bowling centers across 23 distinct geographic markets ("MSAs").  Plaintiffs seek to represent 23 classes of consumers based on alleged harm in those 23 MSAs, plus five nationwide classes (including umbrella liability classes), implicating purchases at third-party bowling centers across the country.  Due to its fundamental flaws, Bowlero moved to dismiss the Complaint in its entirety, which would obviate the need for discovery altogether.  But even if the case were not dismissed entirely, there are numerous ways in which it should be narrowed materially.  For example, the five nationwide classes fail for lack of standing and the conclusory nature of the nationwide class allegations; consumers lack standing to assert a

---

[1] Consistent with the Complaint, Defendants Lucky Strike Entertainment Corporation (f/k/a/ Bowlero Corp.) and AMF Bowling Centers, Inc. are collectively referred to in this Response as "Bowlero."  Dkt. No. 1, n.1.

RESPONSE TO MOTION FOR RECONSIDERATION - 1
(Case No. 2:26-CV-01535-RAJ)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

damages claim based on attempted monopolization; claims in five MSAs are based entirely on alleged acquisitions that are barred by the statute of limitations; and 16 out of the 23 geographic markets have no class representative.  The Court should therefore not open the floodgates of discovery in this expansive antitrust class action, one that will necessitate discovery into Bowlero's acquisitions, and potentially hundreds of bowling centers across the country, until it rules on the pending Motion to Dismiss.  And the Court should not decide the timing of discovery now prior to ruling on Bowlero's pending motion to transfer, which if granted would place that same issue before the transferee court.

In short, Plaintiffs have failed to establish any error in the Court's Order vacating initial case deadlines, let alone "manifest error," and there is good cause to vacate initial case deadlines and stay discovery.  Plaintiffs' Motion should be denied.

## BACKGROUND

On May 6, 2026, Plaintiffs, 11 individuals in five states, filed this action alleging that Bowlero acted anticompetitively in 23 alleged geographic markets by acquiring bowling centers throughout the past decade.  *See* Dkt. No. 1.  On June 12, 2026, this Court ordered that the parties were to complete a Rule 26(f) Conference by July 6, 2026, exchange Initial Disclosures by July 13, 2026, and file a Joint Status Report and Discovery Plan by July 20, 2026.  Dkt. No. 17.

On July 1, 2026, Bowlero filed a Motion to Dismiss (Dkt. No. 33), seeking dismissal of the Complaint in its entirety, because: Plaintiffs' proposed product and geographic markets are facially unsustainable (*id.* at 7–17); Plaintiffs failed to allege antitrust injury (*id.* at 17–23); Plaintiffs lack standing for injunctive relief and their request for divestiture is barred by the doctrine of laches (*id.* at 23–24, 28); Plaintiffs' nationwide injunction classes sweep in consumers whose claimed injuries are not traceable to any challenged acquisition (*id.* at 29–30); Plaintiffs' umbrella damages classes are based merely on conclusory allegations (*id.* at 22–23); Plaintiffs' state law claims fail alongside their federal antitrust claims (*id.* at 25–27); and Plaintiffs otherwise lack standing to assert claims under state laws where no named Plaintiff is a resident (*id.* at 27).

RESPONSE TO MOTION FOR RECONSIDERATION - 2
(Case No. 2:26-CV-01535-RAJ)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

At the same time, Bowlero filed a Motion to Transfer (Dkt. No. 30) this case to the Southern District of New York.  *See* Dkt. Nos. 30, 39.

The next day, this Court vacated the initial case deadlines, explaining that the Court "finds good cause" to vacate those deadlines pending resolution of the Motion to Dismiss and Motion to Transfer.  Dkt. Entry re Vacatur of Initial Case Deadlines, dated July 2, 2026.  On July 15, 2026, Plaintiffs filed a Motion for Reconsideration of the Court's vacatur Order.  *See* Dkt. No. 36.

## I.   RECONSIDERATION OF THE COURT'S ORDER VACATING THE INITIAL CASE DEADLINES IS NOT WARRANTED

"Motions for reconsideration are disfavored under the Local Rules for the Western District of Washington."  *Jackson v. Welborn*, 2023 WL 3972048, at *1 (W.D. Wash. June 12, 2023) (Jones, J.).  "[I]n the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority," these motions will "ordinarily be denied."  *Id.* (citing LCR 7(h)(1)).  A "manifest error" is one that "is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record."  *Unimax Comms. LLC v. T-Mobile USA Inc.*, 2024 WL 3431165, at *1 (W.D. Wash. July 16, 2024) (cleaned up).  Plaintiffs cannot establish the manifest error necessary for reconsideration.

The Court acted well within its broad discretion to exercise its inherent authority to control its own docket.  The Supreme Court has long recognized the "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Dietz v. Boudin*, 579 U.S. 40, 47 (2016) (collecting cases); *see also United States v. Batiste*, 868 F.2d 1089, 1091, n.4 (9th Cir. 1989) (it is a "well-settled principle that a district court has broad discretion to manage its own calendar.").  Indeed, Plaintiffs' own authority (Mot. at 4) recognizes that "[d]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."  *Clark v. Whitepages, Inc.*, 816 F. Supp. 3d 1249, 1251 (W.D. Wash. 2026).  Courts regularly exercise this broad authority to vacate or move case deadlines.  *See* Order, *Frame-Wilson v. Amazon.com Inc.*, No. 2:20-cv-00424 (Jones,

RESPONSE TO MOTION FOR RECONSIDERATION - 3
(Case No. 2:26-CV-01535-RAJ)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

J.), Dkt. Entry dated July 14, 2020 (finding good cause to vacate initial case deadlines while motion to dismiss pending); Order, *McGraw v. Pacifica Ashwood LLC*, No. 3:20-cv-00954-MMA-KSC (S.D. Cal. Jan. 6, 2021) (vacating pretrial schedule in the interests of judicial economy); Order, *Watson-Smith v. Spherion Pacific Workforce*, No. C07-05774-JSW (N.D. Cal. Nov. 12, 2008) (vacating existing case deadlines and reserving resetting them until a ruling on a pending motion for leave to amend).

Plaintiffs provide no basis to set aside the Court's authority to vacate case deadlines here. *First*, the Court has already found good cause, and Plaintiffs concede that they are not seeking a ruling that good cause "is lacking." Mot. 2. Per Plaintiffs' concession, there is no manifest error to be corrected through reconsideration, and the motion should be denied.

*Second*, there is no "automatic right to discovery." Mot. 3 (citing Fed. R. Civ. P. 26(f)(1); Fed. R. Civ. P. 26(d)(1)). The cited Rules establish no such "right." Plaintiffs selectively quote Rule 26(f)(1) for the proposition that "the parties must confer as soon as practicable," but omit the preceding clause: "***Except … when the court orders otherwise …***" (emphasis added). Here, the Court has "order[ed] otherwise." Following Rule 26(f)(1) was not "manifest error."

*Third*, Plaintiffs contend that the Court erred by vacating initial deadlines without first requiring Bowlero to move to stay discovery and show good cause. Mot. 4; *see also* Mot. 2. Nothing in the Federal Rules limits the Court's inherent authority to manage its own docket in this way. Plaintiffs have cited no cases standing for this proposition, which would abrogate this Court's inherent authority. Such a rule would lead to waste and inefficiency by requiring parties to initiate and litigate every change of case deadline, even if the Court sees fit to make changes *sua sponte*. *See Hamilton v. Hart*, 2017 WL 272090, at *2 (E.D. Cal. Jan. 19, 2017) ("A rule prohibiting a judge from modifying the deadlines set in her own prior order would undermine the court's fundamentally necessary power to control its own docket.") (citation omitted).

Plaintiffs cite ***no case*** awarding the relief they seek here: reconsideration and vacatur of a Court's *sua sponte* order to change case deadlines. Plaintiffs instead rely on a string of inapposite cases. Mot. 2–5 (citing cases). In each of those cases, the court considered an affirmative motion

RESPONSE TO MOTION FOR RECONSIDERATION - 4
(Case No. 2:26-CV-01535-RAJ)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

to stay discovery and, under the facts of those particular cases, found good cause lacking.  But none establish that this Court was required to wait for Bowlero to move for a stay of discovery.

## II.    GOOD CAUSE EXISTS TO VACATE THE INITIAL CASE DEADLINES

The Court's Order vacating the initial case deadlines was an exercise of docket management for which Plaintiffs can show no manifest error, and Plaintiffs attempt to flip the burden.  But even if Bowlero was required to establish good cause, good cause exists to stay discovery pending resolution of the motions to dismiss and to transfer.

A district court may "stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief."  *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (cleaned up).  Courts also consider whether the "case requires prohibitive and large amounts of discovery," "the possible damage which may result from the granting of a stay," and "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *Clark*, 816 F. Supp. 3d at 1254 (citations omitted).  Each of these weighs in favor of a stay pending resolution of Bowlero's Motion to Dismiss.

***Prohibitive and Large Amounts of Discovery***.   As the Ninth Circuit has explained, Rule 12(b)(6)'s very purpose is to "enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery," and this rule is nowhere more important than in "antitrust cases" where "the costs of discovery" are "prohibitive."  *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).  This matter is a class action antitrust case challenging *over 50 acquisitions* across *23 MSAs* in *16 states*, going back *nearly a decade*, in which Plaintiffs seek to certify *28 different classes*, including *five nationwide* classes.  Those nationwide classes include anyone who, since May 6, 2022, purchased bowling from *any bowling center* (including third parties) in any of the relevant markets, or even *from any bowling center operator in the United States*, Dkt. No. 1, ¶¶ 242, 240 (Nationwide Damages Class and Nationwide Injunction Class); *see also id.* ¶ 243 (Nationwide Umbrella Damages Class).  Discovery related to these putative classes would encompass information from not just Bowlero, but from potentially

RESPONSE TO MOTION FOR RECONSIDERATION - 5
(Case No. 2:26-CV-01535-RAJ)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

hundreds of third-party bowling centers across the United States. That is precisely the type of expansive discovery courts protect against when a motion to dismiss is pending.

Courts in this Circuit regularly find good cause to stay discovery in antitrust cases pending resolution of the motion to dismiss, precisely because costs are prohibitive. *See Subspace Omega, LLC v. Amazon Web Servs., Inc.*, 2024 WL 4451404, at *2 (W.D. Wash. Oct. 9, 2024) (staying discovery because "Defendant may suffer harm in being required to go forward with discovery at this stage"); *In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007) (putative class action where the court explained that "staying discovery may be particularly appropriate in antitrust cases, where discovery tends to be broad, time-consuming and expensive."); *Realtek Semiconductor Corp. v. MediaTek, Inc.*, 732 F. Supp. 3d 1101, 1117–18 (N.D. Cal. May 3, 2024); *see also Frame-Wilson*, No. 2:20-cv-00424 (Jones, J.), Dkt. Entry dated July 14, 2020.

This case is materially different from *Puget Soundkeeper All. v. United Rentals (N. Am.), Inc.*, 2025 WL 1919139 (W.D. Wash. July 11, 2025) (cited at Mot. 2). *Puget Soundkeeper* involved challenges to a single company's alleged discharge of pollutants in a single water way. *See* 2025 WL 1919139, at *1. There, the defendants moved to dismiss based on subject matter jurisdiction, but did not argue that the plaintiff failed to state a claim. *See* Mot. to Dismiss, No. 2:24-cv-02099-RAJ (W.D. Wash. Apr. 1, 2025). And this Court determined the motion to dismiss was unlikely to dispose of the case. 2025 WL 1919139, at *1. That is nothing like this wide-ranging antitrust action, involving both nationwide classes and 23 alleged regional classes across the country, where Bowlero has moved to dismiss based on the numerous legal deficiencies which will dispose of this case entirely, or at the least significantly narrow the issues moving forward.

***The Possible Damage Which May Result from a Stay***. No damage will result from the Court's vacatur of the initial case deadlines. Plaintiffs assert only that a delay in discovery "could translate into several additional bowling center closures that could otherwise be avoided if Plaintiffs prevail and obtain injunctive relief." Mot. 6. But the injunctive relief Plaintiffs' Complaint explicitly seeks is an injunction prohibiting Bowlero's *future acquisition* of bowling centers, divestiture of bowling centers previously acquired, and an "order requiring Bowlero to

RESPONSE TO MOTION FOR RECONSIDERATION - 6
(Case No. 2:26-CV-01535-RAJ)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

stop extracting discriminatorily favorable terms from suppliers." Dkt. No. 1, ¶ 3. Plaintiffs lack standing to obtain injunctive relief, and their divestiture claims are barred by laches as the acquisitions Plaintiffs challenge closed up to seven years ago, with the most recent closing in 2024. Dkt. No. 1, ¶ 112; *see* Dkt. No. 30 at 23–24, 28; *Taleff v. Southwest Airlines Co.*, 828 F. Supp. 2d 1118, 1124 (N.D. Cal. 2011) (citation omitted) (divestiture unavailable when "Plaintiffs delay[ ] in filing their suit until after Defendants' merger had already been consummated"); *Antoine L. Garabet, M.D., Inc. v. Autonomous Techs. Corp.*, 116 F. Supp. 2d 1159, 1173 (C.D. Cal. 2000) (divestiture unavailable where plaintiffs brought suit on the day the merger was consummated); *Ginsburg v. InBev NV/SA*, 623 F.3d 1229, 1235 (8th Cir. 2010) (no divestiture "nearly two months" after merger announced). Plaintiffs' "significant delays in prosecuting [their] case indicate that any possible harm from a stay is greatly diminished here." *Subspace*, 2024 WL 4451404, at *2; *Neal v. City of Bainbridge Island*, 2021 WL 2105301, at *1 (W.D. Wash. May 25, 2021) (cited at Mot. 3) (stay granted where plaintiff could not show prejudice).

Plaintiffs' authorities (Mot. 6) are distinguishable, and involved motions for preliminary injunction. *In re Nexstar-Tegna Merger Litig.* challenged a specific pending merger, where the plaintiffs sought a preliminary injunction to prohibit further integration between the parties before the merits of the Section 7 claim were litigated. 2026 WL 1049295, at *1 (E.D. Cal. Apr. 17, 2026). Similarly, *Tasty Baking Co. v. Ralston Purina* was a challenge to a merger filed one month after the merger was consummated, in which the plaintiffs sought a preliminary injunction to force the defendants to "manage their assets as if the purchased company and the purchaser company were independent." 653 F. Supp. 1250, 1254 (E.D. Pa. 1987).

Unlike in those cases, Plaintiffs here have neither filed a motion for temporary restraining order or preliminary injunction, nor indicated an intention to do so. Nor should any such motion be made, as it would be purely speculative and Plaintiffs have litigated this case for months without bringing such a motion—highlighting that they do not believe there is imminent harm. Additionally, as noted above, Plaintiffs lack standing to obtain injunctive relief, and their divestiture claims are barred by laches.

RESPONSE TO MOTION FOR RECONSIDERATION - 7
(Case No. 2:26-CV-01535-RAJ)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

***Simplifying of Issues, Proof, and Questions of Law***.  A stay of discovery also is warranted where the court "is convinced that the plaintiff will be unable to state a claim." *Wenger*, 282 F.3d at 1077.  Bowlero's Motion to Dismiss addresses each of Plaintiffs' claims, explaining why the Complaint, and each of the claims, should be dismissed in their entirety.  Discovery would thus not be necessary on any claim.  But "even if the motion does not result in complete dismissal of all claims, the issues are more likely to be simplified than complicated, and the Parties will have a greater understanding of the claims as they engage in discovery." *Subspace*, 2024 WL 4451404, at *2; *see In re Google Digit. Advert. Antitrust Litig.*, 2020 WL 7227159, at *3 (N.D. Cal. Dec. 8, 2020) ("This limited stay of discovery … does not unduly prejudice Plaintiffs and allows all parties to commence discovery with a better understanding of which claims, if any, they must answer."); *In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007) ("adjudicating the motions to dismiss will shed light on the best course for discovery.").

Bowlero's Motion to Dismiss has a number of bases to eliminate all claims or at least simplify the case.  This is because Plaintiffs' alleged product and geographic markets are facially unsustainable, Dkt. No. 33 at 7–17; Plaintiffs fail to allege antitrust injury, *id.* at 17–23; Plaintiffs lack standing for injunctive relief, *id.* at 23–25; and Plaintiffs, as consumers, lack standing to pursue damages for attempted monopolization, *id.* at 23.  So, the claims are barred.

Bowlero's Motion to Dismiss also explains how the nationwide classes, which potentially implicate discovery into *hundreds of third-party bowling centers across the country*, are barred as the nationwide classes are too broad—sweeping in consumers whose alleged injuries are not traceable to the challenged acquisitions.  *Id.* at 29–30.  Moreover, there is no named plaintiff for 16 of the 23 alleged geographic markets that Bowlero is alleged to have harmed, and every challenged acquisition in five of the 23 alleged geographic markets is barred by the Clayton Act's statute of limitations because they closed more than four years ago.  *Id.* at 30–31.  Plaintiffs are also prohibited by the doctrine of laches from seeking divestiture of Bowlero's acquired bowling centers, some of which date back ***seven years***.  Dkt. No. 33 at 28.  If not dismissed in its entirety,

RESPONSE TO MOTION FOR RECONSIDERATION - 8
(Case No. 2:26-CV-01535-RAJ)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

Plaintiffs' Complaint should be narrowed materially, reducing the scope of discovery to, at most, just a handful of acquisitions in a handful of alleged markets.

On the other hand, Plaintiffs' proposal would set in motion discovery, for seven claims, across all 23 alleged geographic markets and five nationwide classes, encompassing purchasers at third-party bowling centers. *See* Dkt. 36-2. Such an expedition would subject Bowlero (and Plaintiffs) to needless, time-consuming, and expensive discovery nationwide, including as to potentially hundreds of third-party bowling centers, and across nearly two dozen alleged markets, and corresponding acquisitions, in service of a Complaint that should be dismissed in its entirety.

*Coupang* and *Clark* (Mot. at 4) are in accord. The scenario and scope of discovery was vastly different in *Coupang*. That case was a wrongful termination action by a single plaintiff employee against a single defendant employer—and Plaintiffs ignore that this Court found good cause to vacate initial case deadlines after the defendant moved to dismiss. *See* Feb. 7, 2024 Dkt. Entry, No. 2:23-cv-01887-RAJ. After the Court ruled on the motion to dismiss, and toward the end of discovery, the defendant moved to dismiss an amended complaint, bifurcate the case, and stay discovery. This Court denied the stay at that time because discovery was nearly complete and defendants' own bifurcation motion acknowledged "further limited discovery could be necessary" to resolve its statute of limitations arguments. *Coupang*, 2025 WL 3458917, at *2–3. Here, the Motion to Dismiss is pending where discovery has not begun. In *Clark*, which involved just a single claim under the Prevention of Telemarketing Fraud Act, the court denied a motion to stay discovery filed alongside a motion to dismiss, where the movant offered nothing more than a generic efficiency argument. *Clark*, 816 F. Supp. 3d at 1254–55. Here, Bowlero demonstrated how its Motion to Dismiss will dispose of this vast antitrust case entirely or narrow issues for discovery, and the enormous tolls that discovery would take if begun before pleadings are settled.

Plaintiffs try to litigate the merits of the Motion to Dismiss. They claim that Bowlero's Motion to Dismiss "reveals" that Bowlero "seeks to dispute the facts" in the Complaint. Mot. 4. For example, Plaintiffs take issue with Bowlero's arguments that Plaintiffs' drive-time based market definition is nonsensical. Bowlero shows how, based on Plaintiffs' factual allegations and

RESPONSE TO MOTION FOR RECONSIDERATION - 9
(Case No. 2:26-CV-01535-RAJ)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

judicially noticeable information, Plaintiffs' market definitions are legally insufficient to state a claim. Dkt. 33 at 13–17, 21. These are legal issues, which makes this case distinct from *HUB Int'l Nw., LLC v. Larson* (Mot. 5), where the defendant's motion disputed "whether sufficient facts were adequately alleged." 2023 WL 2527150, at *3 (W.D. Wash. Mar. 15, 2023). And while Bowlero noted many of the "quality degradations" Plaintiffs allege are in fact *quality improvements*, Mot. 5, Bowlero did not move to dismiss on this basis, *see* Dkt. No. 33. Plaintiffs raising this as a supposed basis to deny the Motion to Dismiss and reconsider the Court's Order vacating deadlines is therefore a red herring. Plaintiffs similarly take issue with Bowlero's challenges to Plaintiffs' product market. Mot. 5. Bowlero's Motion to Dismiss clearly establishes that Plaintiffs' alleged markets are facially unsustainable, Dkt. No. 33 at 7–17. Plaintiffs' only cited case, *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477 (1977), did not discuss market definition. In any event, there the purchasers in the proposed product market were other bowling centers, as opposed to here, where the purchasers are consumers. *See id.*

Regardless, Plaintiffs' argument ignores that the Motion to Dismiss need not seek dismissal of the entire case to justify a stay of discovery, because it is enough that the motion narrows the issues for discovery. *See Subspace*, 2024 WL 4451404, at *2; *In re Google Digit. Advert. Antitrust Litig.*, 2020 WL 7227159, at *3; *In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at *5 ("motions to dismiss will shed light on the best course for discovery.").

Finally, good cause arises from Bowlero's pending Motion to Transfer. If granted, the transferee court will determine the timing of discovery. This Court should refrain from doing so in the first instance while that motion is pending.

A stay will avoid unleashing a vast discovery effort into claims and markets that should ultimately be dismissed. The stay will not prejudice Plaintiffs, who have waited years to bring their claims. Good cause exists under Rule 26(c).

### III.    CONCLUSION

The Court should deny Plaintiffs' Motion for Reconsideration.

RESPONSE TO MOTION FOR RECONSIDERATION - 10
(Case No. 2:26-CV-01535-RAJ)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

Dated August 4, 2026

/s/ *Alicia Cobb*
Alicia Cobb, WSBA #48685
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Phone: (206) 905-7000
Fax: (206) 905-7100
aliciacobb@quinnemanuel.com

Alex Spiro (*pro hac vice*)
295 Fifth Ave., New York, NY 10010
Tel.: (212) 849-7000
Fax: (212) 849-7100
alexspiro@quinnemanuel.com

Debra D. Bernstein (*pro hac vice*)
Ryan F. Swindall (*pro hac vice*)
1200 Abernathy Road NE
Building 600, Suite 1500
Atlanta, GA  30328
Tel.: (404) 482-3502
Fax: (404) 681-8290
debrabernstein@quinnemanuel.com
ryanswindall@quinnemanuel.com

Kevin Y. Teruya (*pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel.: (213) 443-3000
Fax: (213) 443-3100
kevinteruya@quinnemanuel.com

Kevin J. Arquit (*pro hac vice*)
555 13th Street NW, Suite 600
Washington, D.C. 20004
Tel.: (202) 538-8000
Fax: (202) 538-8100
kevinarquit@quinnemanuel.com

*Attorneys for Lucky Strike Entertainment
Corporation and AMF Bowling Centers, Inc. I
certify that this is less than the 10-page limit
set by order of the Court,* Dkt. No. 37.

RESPONSE TO MOTION FOR RECONSIDERATION - 11
(Case No. 2:26-CV-01535-RAJ)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000