Hon. Richard A. Jones

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| BENJAMIN DOEHR, ZACH SOLIZ, MITCHEL FEUER, KEVIN HOWARD, ANDRE HOWARD, MICHAEL CORDERO, ED MCDONALD, THEODORE HARKNESS, TIM KELLY, MAOR KRAMER, and CASEY GOODMAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LUCKY STRIKE ENTERTAINMENT CORPORATION (f/k/a BOWLERO CORP.); AMF BOWLING CENTERS, INC.,<br><br>Defendants. | Case No. 2:26-CV-01535-RAJ<br><br>**PLAINTIFF BOWLERS' LCR 7(F) MOTION FOR LEAVE TO FILE OVERLENGTH BRIEF**<br><br>**NOTING DATE: AUGUST 17, 2026** |

Pursuant to LCR 7(f), Plaintiffs respectfully request an increase in the word limit for Plaintiffs' opposition to Defendants' motion to dismiss ("Motion") due August 28, from 11,400 to 20,000 words. This proposal still gives Defendants substantially (1,400) more words of briefing than Plaintiffs on the Motion. These additional words are necessary to provide the Court with an adequate analysis of the dozens of arguments—over 35 by Plaintiffs' count—raised in Defendants' Motion, which variously fail to acknowledge the governing legal standards and precedents or cite entirely inapposite cases—requiring substantial additional words for Plaintiffs



Simonsen Sussman LLP
1120 Pacific Avenue, Suite 100
Tacoma, Washington 98402
(917) 747-5196

to address than it took for Defendants to raise in cursory fashion. While the parties previously stipulated to a 3,000-word increase, that agreement was reached prior to the meet-and-confer on Defendants' Motion. Plaintiffs anticipated a reasonable motion raising carefully crafted Rule 12(b)(6) arguments to dismiss *claims*. Instead, the Motion amounts to a legal all-you-can-eat buffet, raising a grab-bag of arguments, prematurely seeking to narrow the scope of the classes or limit the categories of relief, and ignoring rather than grappling with or attempting to distinguish well-settled law.

For example, one of the many arguments Defendants improperly raise to "narrow[]" the case is that "consumers lack standing to assert a damages claim based on attempted monopolization." ECF No. 40 at 8; *see* Mot. 23. Even if this argument were not flatly contradicted by the plain text of the governing statutes and decades of precedent, it is not dispositive of a single claim at the motion-to-dismiss stage, since it relates only to the type of relief that may eventually be available. Defendants spent one-half of a page with block quotes from a predatory pricing case making this throwaway argument. Yet Plaintiffs are required to spend several pages in order to analyze the statutory text; explain why Defendants' argument, if accepted, would make attempted monopolization an anomaly among all of the other forms of antitrust-law violations for which consumer-purchaser damages are available; survey the many cases recognizing the availability of such damages in attempted monopolization cases; and explain why Defendants' cited cases are inapplicable.

As another example, Defendants falsely state that a California UCL "'unfair' prong [claim] . . . 'will rise and fall together' with the federal antitrust claims." Mot. 25. Even cursory legal research would have revealed to Defendants that this argument has been repeatedly and expressly rejected, including by the Ninth Circuit as recently as three years ago. *See Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) ("The statutory language . . . makes clear that a practice may be deemed unfair even if not specifically proscribed by some other law."); *Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946, 1001 (9th Cir. 2023) (same). Yet, Plaintiffs are nonetheless required to spend words explaining how Defendants have



Simonsen Sussman LLP
1120 Pacific Avenue, Suite 100
Tacoma, Washington 98402
(917) 747-5196

misinterpreted and misconstrued these cases. *Id.*

If these were the only instances, Plaintiffs would never have sought an increase in the word limit. But Defendants make numerous similar half-baked or mis-cited arguments, for example by attempting to resuscitate the same already-rejected UCL argument with respect to Plaintiffs' other state-law claims, which nonetheless requires unpacking, explanation, and case-law discussion in response. On top of responding to dozens of unsupported, half-formulated legal arguments, Plaintiffs must also address an improper request by Defendants to take judicial notice of highly disputable Google Maps driving times between bowling centers that Defendants appear to have calculated assuming no traffic when the centers would be closed.

Plaintiffs submit the interests of efficiency and preservation of judicial resources are better served if Plaintiffs are permitted adequate space to respond. If Plaintiffs must truncate and abbreviate their analysis, this Court may be required to expend precious time and resources to unpack and investigate Defendants' erroneous arguments in the first instance itself.

Defendants oppose this motion. They counteroffered a 2,100-word increase if Plaintiffs would agree to a 1,050-word increase for their reply and an extension through October 2 for Defendants to reply. Plaintiffs do not oppose this extension and recognize that Defendants would be entitled to a 10,000-page reply.

Accordingly, Plaintiffs respectfully request the Court increase the word limit for Plaintiffs' opposition to Defendants' motion to dismiss to 20,000 words.

Dated August 17, 2026

Respectfully Submitted,

By: /s/ Catherine S. Simonsen

Catherine S. Simonsen
**SIMONSEN SUSSMAN LLP**
418 Bamboo Lane, Suite C-18
Los Angeles, CA 90012
Tel: (917) 747-5196
Fax: (646) 357-8447
Email: catherine@simonsensussman.com

Nico Gurian*
**SIMONSEN SUSSMAN LLP**
307 West 38th Street, 16th Floor
New York, NY 10018
Tel: (646) 693-3929
Fax: (646) 357-8447
Email: nico.gurian@simonsensussman.com

Nicolas Stebinger*
**SIMONSEN SUSSMAN LLP**
1629 K Street NW, Suite 300
Washington, DC 20006
Tel: (202) 384-3130
Fax: (646) 357-8447
Email: nicolas@simonsensussman.com

John P. Fiske*
Lindsay Stevens*
**BARON & BUDD, P.C.**
11440 West Bernardo Court, Suite 265
San Diego, CA 92127
Tel: (858) 251-7424
Fax: (214) 523-6600
Email: jfiske@baronbudd.com
Email: lstevens@baronbudd.com

Brett Land
**BARON & BUDD, P.C.**
3102 Oak Lawn Ave. #1100
Dallas, TX 75219
Tel: (214) 523-6206
Fax (214) 523-6600
Email: bland@baronbudd.com

Adam Tamburelli*
**BARON & BUDD, P.C.**
15910 Ventura Blvd #1600
Encino, CA 91436
Tel: (818) 839-2329
Fax (214) 523-6600
Email: atamburelli@baronbudd.com
* *Admitted Pro Hac Vice*

*Attorneys for Plaintiffs and Proposed Classes*

*I certify that this motion contains 698 words, in*

*compliance with the Local Civil Rules.*



Simonsen Sussman LLP
1120 Pacific Avenue, Suite 100
Tacoma, Washington 98402
(917) 747-5196