Hon. Richard A. Jones

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

BENJAMIN DOEHR, ZACH SOLIZ, MITCHEL FEUER, KEVIN HOWARD, ANDRE HOWARD, MICHAEL CORDERO, ED MCDONALD, THEODORE HARKNESS, TIM KELLY, MAOR KRAMER, and CASEY GOODMAN, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

LUCKY STRIKE ENTERTAINMENT CORPORATION (f/k/a BOWLERO CORP.); AMF BOWLING CENTERS, INC,

Defendants.

Case No. 2:26-CV-01535-RAJ

**DECLARATION OF CATHERINE S. SIMONSEN IN SUPPORT OF PLAINTIFF BOWLERS' MOTION FOR LEAVE TO FILE OVERLENGTH BRIEF**

I, Catherine Simonsen, declare:

1. I am a partner of the law firm Simonsen Sussman LLP, counsel Plaintiff Bowlers in the above-captioned litigation. I am duly licensed to practice law in the States of Washington and California. I have personal knowledge of the facts stated herein and could testify competently thereto if called to do so.

2. On August 13, 2026, I emailed counsel for Defendants Lucky Strike Entertainment Corporation (f/k/a Bowlero Corp.) and AMF Bowling Centers, Inc.



Simonsen Sussman LLP
1120 Pacific Avenue, Suite 100
Tacoma, Washington 98402
(917) 747-5196

("Defendants") Kevin Teruya, Debra Bernstein, Alicia Cobb, and Ryan Swindall of Quinn Emanuel Urquhart & Sullivan, LLP, requesting that Defendants stipulate to increase the word limit for Plaintiffs' opposition to Defendants' motion to dismiss Plaintiffs' Complaint ("Motion") to 20,000 words. In my email, I noted that, per LCR 7(f), Plaintiffs would agree to increase Defendants' reply word limit to 10,000 words. I asked counsel to provide time to meet and confer should Defendants not consent to Plaintiffs' request.

3. On August 14, 2026, Ms. Bernstein advised that Defendants would not agree to Plaintiffs' request. Instead, Defendants' counsel offered to stipulate to an increase of 2,100 words for Plaintiffs' opposition in exchange for a 1,050-word increase for Defendants' reply and a two-week extension for Defendants to file their reply brief, from September 18 to October 2, 2026.

4. Later that same day, I met and conferred over Zoom with Ms. Bernstein and Mr. Swindall. During the meet-and-confer, I explained that Plaintiffs needed the requested additional words because Defendants made many under-developed "me-too" arguments (e.g., "The state-law claims fall with the federal claims") and made numerous arguments that ignored, failed to acknowledge, or misconstrued the applicable standards and precedents, were supported by inapposite cases, or had already been rejected in controlling precedent, requiring significant additional words for Plaintiffs to unpack, correct, explain, and distinguish than it did for Defendants to make these arguments in cursory fashion. I explained that counsel for Plaintiffs worked for weeks on the opposition in an attempt to reduce the word count but that counsel for Plaintiffs had determined they need 20,000 words to respond given the issues with the Motion described above. I reiterated that in exchange, Defendants could have 10,000 words for their reply. Ms. Bernstein stated Defendants could not agree to an increase to 20,000 words because it was "excessive" and the Court would not want to receive briefing of that length. I reiterated that Plaintiffs disagreed for the reasons discussed and informed Ms. Bernstein and Mr. Swindall that, because the parties were at an impasse, Plaintiffs would be filing a motion for leave to file an overlength brief.



Simonsen Sussman LLP
1120 Pacific Avenue, Suite 100
Tacoma, Washington 98402
(917) 747-5196

Executed on this 17th day of August, 2026, at Los Angeles, California.

/s/ Catherine Simonsen
Catherine Simonsen



Simonsen Sussman LLP
1120 Pacific Avenue, Suite 100
Tacoma, Washington 98402
(917) 747-5196