HON. RICHARD A. JONES

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| BENJAMIN DOEHR, ZACH SOLIZ, MITCHEL FEUER, KEVIN HOWARD, ANDRE HOWARD, MICHAEL CORDERO, ED MCDONALD, THEODORE HARKNESS, TIM KELLY, MAOR KRAMER, and CASEY GOODMAN, on behalf of themselves,<br><br>Plaintiffs,<br><br>vs.<br><br>LUCKY STRIKE ENTERTAINMENT CORPORATION (f/k/a BOWLERO CORP.); AMF BOWLING CENTERS, INC.; and LUCKY STRIKE ENTERTAINMENT LLC,<br><br>Defendants. | Case No. 2:26-CV-01535-RAJ<br><br>**DEFENDANTS LUCKY STRIKE ENTERTAINMENT CORPORATION (F/K/A BOWLERO CORP.) AND AMF BOWLING CENTERS, INC.'S REPLY IN SUPPORT OF THEIR REQUEST FOR JUDICIAL NOTICE** |



QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

## INTRODUCTION

Bowlero's Request for Judicial Notice asks the Court to judicially notice three categories of facts drawn from Google Maps: the locations of bowling centers in the only three markets for which Plaintiffs provided a list of purported competitors, and the distances and approximate drive times from certain Bowlero-acquired centers to those locations. RJN 1-3, Dkt. 35; Swindall Decl. Exs. A-C, Dkt. 34. Bowlero sought judicial notice of these because Plaintiffs define all 23 alleged markets by a drive-time radius, ¶¶97-98, but identify the alleged competitors in only three out of those 23 proposed markets, ¶¶155, 161, 167. Applying Plaintiffs' alleged geographic market definition and using Google Maps show that Plaintiffs left out (i) 21 bowling centers contained within Plaintiffs' proposed Los Angeles market, (ii) six in Plaintiffs' proposed The Villages, Florida market, and (iii) eight in Plaintiffs' proposed Northern Virginia-DC market. Swindall Decl. Exs. A-C, Dkt. 34. These inexplicable omissions confirm—but are not necessary to show—the facial implausibility of the three markets at issue and the other 20 alleged markets for which no purported competitors are even identified in the Complaint.

Plaintiffs do not dispute that the centers Bowlero identified exist, that they are located where Bowlero shows them, or that they lie the stated distances away. Courts routinely take judicial notice of the locations and distances a Google Maps search returns. RJN 3 (collecting cases).

Rather, Plaintiffs' objection is directed solely at the drive times. They argue that Bowlero's proffered estimates are subject to reasonable dispute because Bowlero calculated them "assuming no traffic," and that the estimates "contradict facts alleged in the Complaint that must be taken as true." Opp. 21. Neither ground withstands scrutiny, because neither engages the question Rule 201 poses: whether a fact "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Plaintiffs do not contend that Google Maps is not such a source, or that it misreports travel time for the conditions queried. Indeed, Plaintiffs used Google Maps to generate competing figures. Opp. 21; Ex. 1, Dkt. 47-1 ¶¶3-4. Plaintiffs' objection is really that they dislike the inconvenient fact that they wrongly



QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

omitted competing bowling centers in their proposed markets to increase Bowlero's alleged market shares.

The Court should overrule Plaintiffs' objections to the Request and judicially notice the facts identified therein.

## ARGUMENT

### I. Plaintiffs Do Not Contest That the Locations and Distances Are Judicially Noticeable

Plaintiffs object only to Bowlero's proffered "driving times," Opp. 21, which is one of three categories of facts in the Request. Bowlero also asked the Court to notice "the locations of the [ ] bowling centers in Plaintiffs' alleged geographic markets, and the ... distances from the [ ] identified Bowlero locations to those bowling centers." RJN 1. Plaintiffs nowhere contend that the identified centers do not exist, that Google Maps misplaces them, or that the stated distances are wrong. And Plaintiffs do not address the authorities establishing that such facts are noticeable. RJN 3 (collecting cases). These facts are therefore both undisputed and properly noticed, and they confirm the facial implausibility of Plaintiffs' proposed markets, which inexplicably excluded centers that are an easy drive from an acquired center.

### II. Plaintiffs' Objections to the Drive-Time Estimates Do Not Defeat Judicial Notice

Turning to drive times, Plaintiffs advance two grounds for refusing notice of them: that the estimates are subject to reasonable dispute because Bowlero calculated them "assuming no traffic," and that they "contradict facts alleged in the Complaint that must be taken as true."[1] Opp. 21 (emphasis omitted). Neither holds.

The first ground, that Bowlero "assum[ed] no traffic," misapprehends what Bowlero asks the Court to notice. Bowlero asks the Court to notice that each identified center exists, sits where Google Maps shows it sits, and lies within the travel times that Google Maps reports, which place the centers inside the 30-to-60-minute radii Plaintiffs allege. These facts "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid.

---

[1] Plaintiffs' objection is difficult to reconcile with their reliance on drive times to define all 23 alleged markets.



QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

201(b)(2); *see also Rindfleisch v. Gentiva Health Sys., Inc.*, 752 F. Supp. 2d 246, 259 (E.D.N.Y. 2010) (noticing that "the estimated driving time ... is approximately five and one-half hours").

Plaintiffs' objection fails to put those facts in reasonable dispute. Plaintiffs do not contend that any identified center does not exist, that it is not located where Bowlero shows it, or that Google Maps misreports travel time for the conditions queried. They contend only that a different set of traffic assumptions would yield longer times. That is a quarrel with the import of the noticed facts, not a quarrel with whether they may be noticed.

Moreover, Plaintiffs' authorities do not support denying judicial notice here. In *Cobb Theatres III, LLC v. AMC Ent. Holdings, Inc.*, the proffered exhibit "d[id] not purport to show the driving time between any two locations." 101 F. Supp. 3d 1319, 1329 (N.D. Ga. 2015). *Jackson v. Allstate Insurance* was an appeal from a hearsay ruling on trial evidence, and the printout at issue was offered to impeach a witness's sworn account of how long a drive took. 785 F.3d 1193, 1200, 1204 (8th Cir. 2015). *United States v. Julius* addressed a *bicycling* estimate, declining notice because the proponent did not account for "the cyclist's level of intoxication[,] ... the type and quality of the bicycle, and the cyclist's proficiency at riding a bike." 14 F.4th 752, 756 (7th Cir. 2021). And *Lomeli v. County of San Diego* noticed a Google Maps distance but declined to notice travel time "at th[at] time" without explanation. 637 F. Supp. 3d 1046, 1060 n.5 (S.D. Cal. 2022).

Plaintiffs' second ground, that the drive times "contradict facts alleged in the Complaint that must be taken as true[,]" Opp. 21, fares no better. Plaintiffs never identify the allegation(s) that Bowlero's drive times supposedly contradict. Rather, Plaintiffs concede they "have not specified the precise day of week, hour of day, or route used to calculate travel time[.]" Opp. 20-21. Bowlero simply measured from the acquired centers, per the Complaint. ¶170. Plaintiffs cannot manufacture a contradiction based on variables their Complaint left blank. And what Plaintiffs actually compare Bowlero's figures against is not the Complaint at all, but the competing drive times in their own declaration, based upon a departure at 5 p.m. on a Thursday. Opp. 21 (citing Simonsen Decl. & Ex. 1). Even under that most extreme of traffic circumstances, many of



QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

the drive-time estimates Plaintiffs present reflect that the center identified is still within 60 minutes. *See id.*

## CONCLUSION

The Court should grant Bowlero's Request for Judicial Notice.



QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

DATED: September 25, 2026

/s/ *Alicia Cobb*
Alicia Cobb, WSBA #48685
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Phone: (206) 905-7000
Fax: (206) 905-7100
aliciacobb@quinnemanuel.com

Debra D. Bernstein (*pro hac vice*)
Ryan F. Swindall (*pro hac vice*)
1200 Abernathy Road NE
Building 600, Suite 1500
Atlanta, GA 30328
Tel.: (404) 482-3502
Fax: (404) 681-8290
debrabernstein@quinnemanuel.com
ryanswindall@quinnemanuel.com

Alex Spiro (*pro hac vice*)
295 Fifth Ave., New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
alexspiro@quinnemanuel.com

Kevin Y. Teruya (*pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel.: (213) 443-3000
Fax: (213) 443-3100
kevinteruya@quinnemanuel.com

Kevin J. Arquit (*pro hac vice*)
555 13th Street NW, Suite 600
Washington, D.C. 20004
Tel.: (202) 538-8000
Fax: (202) 538-8100
kevinarquit@quinnemanuel.com

*Attorneys for Lucky Strike Entertainment Corporation and AMF Bowling Centers, Inc.*